| | |
|---|---|
| John A. White Jr., Bar # 1741 | E-filed June 4, 2013 |
| WHITE LAW CHARTERED | |
| 335 West First St. | |
| Reno, NV, 89503 | |
| 775-322-8000 | |
| 775-322-1228 Fax | |
| john@whitelawchartered.com | |

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>PATRICK and PATRICIA McCAULEY,<br><br>Debtors | Case No: BK-N-13-50194-btb<br>Chapter 12<br><br>**CHAPTER 12 PLAN, VALUATION MOTION, MOTION TO ESTIMATE DAMBACHER CLAIM, AND MOTION TO CONFIRM.**<br><br>Hearing Date: Pending<br>Hearing Time: Pending<br>Estimated time for hearing: 2 hours |

Debtors submit the following Chapter 12 Plan pursuant to § 1221 of the Bankruptcy Code and request that their assets be valued and the claims against them be estimated to facilitate consideration thereof:

THE REST OF THIS PAGE IS INTENTIONALLY BLANK

1

# Contents

**1 Plan**   **3**
   1.1 Classification of Claims . . . . . . . . . . . . . . . . . . . . . . . . . 3
      1.1.1 Secured. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
      1.1.2 Priority . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
      1.1.3 General Unsecured Claims. . . . . . . . . . . . . . . . . . . . . 4
      1.1.4 Interests . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
   1.2 Treatment of Claims: . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
      1.2.1 A. Secured Claims. . . . . . . . . . . . . . . . . . . . . . . . . 4
      1.2.2 Priority Claims . . . . . . . . . . . . . . . . . . . . . . . . . . 5
      1.2.3 General Unsecured Claims. . . . . . . . . . . . . . . . . . . . . 6
      1.2.4 Interests. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
   1.3 Feasibility . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
   1.4 Miscellaneous . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
      1.4.1 Defaults Cured. . . . . . . . . . . . . . . . . . . . . . . . . . . 6
      1.4.2 Leases Assumed/Rejected . . . . . . . . . . . . . . . . . . . . . 7
      1.4.3 Vesting . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
      1.4.4 5 year Plan . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
      1.4.5 Administrative Expenses . . . . . . . . . . . . . . . . . . . . . 7
      1.4.6 DIP Account and Monthly Reports. . . . . . . . . . . . . . . . 7
      1.4.7 Untimely Claims . . . . . . . . . . . . . . . . . . . . . . . . . 8
      1.4.8 Modification of Plan . . . . . . . . . . . . . . . . . . . . . . . 8
      1.4.9 Effective date . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**2 VALUATION MOTION**   **8**

**3 MOTION TO ESTIMATE DAMBACHER CLAIMS**   **9**

# 1 Plan

This Plan shall be for a period of five (5) years from the first payment made hereunder, being the Plan period. Debtors shall, during the period of this Plan, submit all or such portion of its future earnings or other future income to the supervision and control of the Chapter 12 Trustee ("Trustee") as is necessary for the execution of the Plan.

## 1.1 Classification of Claims

Claims shall be divided into three secured classes, one priority class, one unsecured class and one class of interests. Each claim or interest within a particular class shall be treated the same unless the holder of a particular claim or interest agrees to less favorable treatment. Each secured claim is in its own class.

Plan classes are as follows:

### 1.1.1 Secured.

John J. Benner and Mary Alice Sandstrom, General Partnership is **Class 1(a)**. They have filed Claim No. 4-1 herein,

Milton M. Dambacher, Trustee of the Dambacher Family Trust dated 4/29/87, who asserts that his claim is partially supported by a judgment in case No. CV 52556, Superior Court of California, County of Tuolumne, CA, which judgment was recorded in the official records of Modoc County, CA, on March 19, 2007 as Doc-2007-0001220-00 is **Class 1(b)**. He has filed Claim No. 3-1 herein. The Class 1(b) claim is disputed in both its secured and unsecured parts.

Modoc County Tax Collector is **Class 1(c)**. It has filed Claim No. 2-1 herein,

### 1.1.2 Priority

The IRS is **Class 2.** It has filed Claim No. 2-1 herein,

### 1.1.3 General Unsecured Claims.

General Unsecured Claims are **Class 3.**

### 1.1.4 Interests

The ownership interests of Patrick and Patricia McCauley are **Class 4.**

## 1.2 Treatment of Claims:

### 1.2.1 A. Secured Claims.

<u>Class 1(a)-Benner/Sandstrom Partnership.</u> The Class 1(a) claim is allowed as a secured claim in the amount of $343,198.43. This includes interest at the contract until the Effective Date of the Plan. This fully secured creditor will be paid by way of a new promissory note calling for annual installments over a 30 year period, payments to begin on August 1st, 2014[1]. The note shall bear interest at the rate of four percent (4%) per annum from the Effective Date. The partnership shall retain its existing security and priority. Except as modified above, the note shall contain all existing terms. The note shall be marked paid and the Deed of Trust reconveyed once all plan payments due this creditor have been paid in full. The existing note shall be canceled on the Effective Date. Payments shall be made directly to John J. Benner and Mary Alice Sandstrom, General Partnership.

<u>Class 1(b)-Dambacher Trust.</u> The Class 1(b) secured claim is allowed as a secured claim in the amount of $34,331.25. This claim is disputed and Debtors will promptly file an objection to thereto. Debtors will also amend their schedules to reflect that this claim is disputed in both its secured and unsecured form. The Allowed Amount of this claim will be paid by way of a new promissory note calling for annual installments over a 20 year period, payments to begin on August 1, 2014.[2]. The note shall bear

---

[1] See *In re Yett*, 306 BR 287 (9th Cir BAP 2004).
[2] Ibid.

4

interest at four percent (4%) per annum from the Effective Date. The Dambacher Trust shall retain its existing security and priority. Except as modified above, the note shall contain standard terms prevalent in real estate notes in Modoc County, CA. Payments shall be made directly to the Chapter 12 Trustee.

Class 1(c)-Modoc County. The Class 1(c) claim is allowed as a secured claim in the amount of $52,322.75, including with interest and penalties through the Petition Date as set forth therein. Modoc County's allowed secured claim shall bear interest at the rate of 4% APR from the Effective Date. This secured creditor shall retain its lien. It shall be paid in 10 equal annual installments, beginning on August 1, 2015. Payments shall be made to the Chapter 12 Trustee. Once it has been paid in full, the Modoc County Tax Assessor will void its lien.

**1.2.2  Priority Claims**

All claims entitled to priority under Section 507 of the Bankruptcy Code ("Section 507"), shall be paid in full, in deferred cash payments, unless— the claim is a claim owed to a governmental unit that arises as a result of the pre-petition[3] sale, transfer, exchange, or other disposition of any farm asset used in the Debtors's farming operation, in which case, the claim shall be treated as an unsecured claim that is not entitled to priority under Section 507, but the debt shall be treated in such manner only if the Debtors receives a discharge; or the holder of a particular claim agrees to a different treatment of that claim.

Class 2 claims entitled to priority under Section 507 shall be paid in full in 60 equal monthly installments over the life of the Plan, the first payment being due the first day of the first full month following the Effective Date. Payments shall be made to the Chapter 12 Trustee. The only known priority creditor is the IRS (Claim No. 1-1 in the amount of $6,647.24. Debtors believe that this claim results from the failure to file returns. Debtors estimate that their returns for 2008, 2009, 2010, 2011 and 2012 will

---

[3] See *Hall v U.S.*, 132 S. Ct. 1882 (2012).

be filed no later than July 1, 2013.

### 1.2.3 General Unsecured Claims.

Class 3. Allowed General Unsecured Claims shall paid in full by 60 equal monthly payments, beginning on the first day of the first month following the Effective Date of the Plan, provided all priority claims have then been paid in full and if not, 30 days after priority claims have been paid in full. Interest accruing after the date of filing shall be paid on Class 3 claims at the rate of three percent (3%) per annum only to the extent that the Debtors have disposable income to pay such interest after making provision for full payment of all allowed claims. Payments shall be made to the Chapter 12 Trustee.

    The Class 1(b) unsecured claim is completely disallowed and shall be zero. There are no known unsecured creditors, other than the disputed Class 1(b) claim.

### 1.2.4 Interests.

Class 4. The equity interest of Debtors is not impaired by the Plan.

## 1.3 Feasibility

Debtors' net income is sufficient to make all required plan payments. See Exhibit 1 hereto[4].

## 1.4 Miscellaneous

### 1.4.1 Defaults Cured.

All monetary defaults have been considered in the Plan. Except as otherwise provided above, all such defaults shall be deemed cured on confirmation of the Plan.

---

[4] Page 1 of Exhibit 1 is the Payment Schedule; Page 2 of Exhibit 1 shows Cash Flow.

### 1.4.2 Leases Assumed/Rejected

All unexpired leases and executory contracts are rejected as of the Effective Date, including but not limited to Debtors' April 14, 2011 lease of the McCauley ranch to Blake and Stephanie Alexandre.

### 1.4.3 Vesting

All property of the estate shall vest in the Debtors on the Effective Date.

### 1.4.4 5 year Plan

Confirmation of this Plan shall constitute a finding that cause exists to extend Plan payments over a period in excess of three years.

### 1.4.5 Administrative Expenses

Allowed administrative expenses, including statutory Trustee fees and attorney fees, shall be paid in full in 5 equal payments over the 5 year life of the Plan, the first payment being due the first day of the first full month following the Effective Date, or upon any sale of the McCauley Ranch, whichever is earlier, provided however that the Trustee shall not receive statutory fees on monies paid to the Benner/Sandstrom Trust. Payments shall be made to the Chapter 12 Trustee.

### 1.4.6 DIP Account and Monthly Reports.

Following confirmation, Debtors shall file Monthly Operating Reports in a form approved by the Chapter 12 Trustee, no later than the 20th day of each month, begining with the first full month following the Effective Date and continuing thereafter until the end of the Plan term.

### 1.4.7 Untimely Claims

FAILURE OF CREDITOR(S) TO FILE A TIMELY WRITTEN OBJECTION TO THIS PLAN PRIOR TO CONFIRMATION SHALL CONSTITUTE ACCEPTANCE OF THE PLAN.

Subject to the provisions of §502, untimely claims are disallowed, without the need for formal objection, unless allowed by court order.

### 1.4.8 Modification of Plan

This Plan may be altered post confirmation in a non-material manner by court order after notice to the Debtors, the Trustee, any creditor whose claim is the subject of the modification, and any interested party who has requested special notice. The Plan may also be modified post-confirmation as provided in 11 USC §1229.

Any pre-confirmation modifications shall comply with 11 USC §1223.

### 1.4.9 Effective date

If confirmed, the Effective Date of this Plan shall be the 11th day following entry of an Order of confirmation, unless there be a timely appeal, in which event the Effective Date shall be the 11th day following the day when the entry of an Order affirming the confirmation of this Plan becomes final and non-appealable.

WHEREFORE DEBTORS PRAY AS HEREINBELOW SET FORTH:

## 2  VALUATION MOTION

The Debtors move this honorable Court for an order fixing the fair market value of the collateral, for purposes of confirmation and administration of this Plan, at the dollar amounts provided below.

The Debtors' ranch ("McCauley Ranch"), being 308 acres of hay farm land and 80 acres of meadow grazing land at Cedarville, CA, being APN 033-050-44, has a fair mar-

ket value of One Million and Fifty Thousand dollars ($1,050,000.00) on the Effective Date. Debtor will supplement this Motion with supporting evidence at least 20 days prior to the hearing.

Debtors' 100% ownership interest in GC Livestock, LLC, including its equipment and livestock, has a fair market value of Sixty Thousand Dollars ($60,000). Debtor will supplement this Motion with supporting evidence at least 20 days prior to the the hearing.

Debtors' 2008 Dodge Pickup, has a fair market value of Twelve Thousand Dollars ($12,000). Debtor will supplement this Motion with supporting evidence at least 20 days prior to the the hearing.

WHEREFORE DEBTORS PRAY AS HEREINBELOW SET FORTH:

# 3 MOTION TO ESTIMATE DAMBACHER CLAIMS

Feasibility of this Plan is affected by what, in Debtors' opinion, are unwarrented secured and unsecured claims set forth in Claim 3-1, being the Dambacher Trust claim. The Dambacher claim totals $465,320.26 and is, roughly, equally divided into secured and unsecured parts.

Debtors respectfully request that this Court estimate the secured portion of Claim 3-1 to be in the amount of $34,331.25 for purposes of Plan confirmation (feasibility) and the unsecured portion to be zero.

The Dambacher Trust's contested secured claim is for $250,180.21 and is based on a March 3, 2007 judgment in Milton Dambacher's favor in the amount of $157,261.90. The remainder of that secured claim is penalties and interest.

The Dambacher Trust contested unsecured claim is in the amount of $215,140.05 and is based on, even if the attachments to its claim are accepted, arguendo, as true, a maximum of $74,632.50 in work allegedly done in 2009 to repair grading and other work Debtors had performed in 2007 and 2008 on the Dambacher's property in Merced,

California (commonly known as the Bellevue Ranch). The debtors performed this work in an attempt to "work off" the judgment. How it grew to $215,140.05 is nowhere shown on the claim or the attachments thereto.

Debtors don't dispute that some of their work was defective but contend that the value of the work performed, defective or not, was greater than the amount of the judgment and that, if an exact accounting is done, it will show that instead of Debtors owing Dambachers the claimed $465,320.26, the Debtors actually owe $34,331.25.

Attached hereto as Exhibit 2 is an accounting overview of the work done by Debtors on the Dambacher's Bellevue Ranch following entry of the March 3, 2007 judgment. This work included grading the Bellevue Ranch, and also doing fencing, plumbing, electrical, remodeling, clean-up and the like, all of which increased the value of the Bellevue Ranch. It does not include interest on the amounts due Debtors by Dambacher on monies unpaid. By reason of these improvements, Dambacher was able to raise its monthly rental of its Bellevue Ranch by over 120% ($2,466.67 per month to $5,500.00 per month)[5].

The said exhibit also shows the amounts due Dambacher by Debtors by reason of the judgment and for rent during the post-judgment time period. As with monies due Debtors by Dambacher, the exhibit does not include any interest on monies owed Dambacher by the Debtors.

All post-judgment transactions between Debtors and the Dambacher Trust were performed pursuant to an oral understanding. Excepting the $34,331.25 referenced above, Debtors have completely paid the judgment and would have paid by "work-off" the remainder of the judgment had not Milton Dambacher's son changed the terms of this oral agreement so that they were no longer satisfactory to the Debtors.

WHEREFORE Debtors PRAY:

1. That the Plan be confirmed;

2. That its property be valued as provided hereinabove;

---

[5] Debtor Patrick McCauley intends to file a Declaration in support of these and addtional related facts when counsel has had an opportunity to prepare it.

10

3. That the Dambacher Trust's secured claim be estimated to be in the amount of $34,331.25 for purposes of Plan confirmation, and that the Dambacher Trust's unsecured claim be estimated at zero for purposes of Plan confirmation.

4. For such other and further relief as is proper.

Dated June 4, 2013

by /s/ Patrick McCauley
Patrick McCauley

by /s/ Patricia McCauley
Patricia McCauley

Submitted by:

WHITE LAW CHARTERED

By: /s/ John White
John White, Esq.
Proposed Counsel for the Debtors

Index of Exhibits

| Exhibit No. | Description | No. of Pages |
|---|---|---|
| 1 | Payment Schedule (p 1) and Cash flow (p 2) | 2 |
| 2 | Accounting overview of Bellevue Ranch improvments made by Debtors in payment of judgment | 2 |

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2013, I served the foregoing document entitled CHAPTER 12 PLAN, VALUATION MOTION, MOTION TO ESTIMATE DAMBACHER CLAIM and MOTION TO CONFIRM, in the following manner:

☒ a. Via the Court's ECF System on June 4, 2013 to:

Jan Johnson, Trustee jjohnson@ch12@jpj13trustee.com

CHRISTOPHER JAIME on behalf of Milton M. Dambacher, at cjaime@mclrenolaw.com

Rollin Thorley on behalf of the IRS at Rollin.G.Thorley@irscounsel.treas.gov

Nate Zeltzer, Esq. at nrzbk@yahoo.com

Michael R. Brooks, on behalf of John Benner and Mary Alice Sandstrom, jsallade@brooksbauer.com

JOHN WHITE on behalf of Debtors Patrick and Patricia McCauley bankruptcy@whitelawc john@whitelawchartered.com;

☒ b. By depositing for mailing a copy of the foregoing document on June 4, 2013 by First Class U.S. Mail, deposited at the U.S. Post Office to all parties-in-interest as described in the attached mailing matrix. The undersigned further affirms that the foregoing is true and correct to the best of my knowledge and that preceding document does not contain the Social Security number of any person.

Dated: June 4, 2013.

/s/ John White

John White, an employee of White Law Chartered

13

Easy Peel Labels
Use Avery® Template 5160®

Case 13-50194-btb    Doc 31    Entered 06/05/13 13:11:54    Page 14 of 14

Feed Paper
Bend along line to expose Pop-up Edge™
AVERY® 5160®

```
Label Matrix for local noticing        United States Bankruptcy Court       DAMBACHER TRUST
0978-3                                  300 Booth Street                    19755 PINE RD
Case 13-50194-btb                       Reno, NV 89509-1360                 SONORA, CA 95370-5343
District of Nevada
Reno
Tue Jun  4 15:32:01 PDT 2013

INTERNAL REVENUE SERVICE                JOHN BENNER                         John J. Benner and Mary Alice Sandstrom, Gen
PO BOX 7346                             MARY ALICE SANDSTROM                c/o Placer Foreclosure, Inc.
PHILADELPHIA, PA 19101-7346             PO BOX 418                          12190 Herdal Drive, Suite 9
                                        CEDARVILLE, CA 96104-0418           Auburn, CA 95603-5637


MICHAEL BROOKS                          MILTON M. DAMBACHER                 MODOC COUNTY TAX ASSESSOR
1645 VILLAGE CENTER CIRCLE, STE 200     c/o CHRISTOPHER D. JAIME, ESQ       204 S COURT ST, #106
LAS VEGAS, NV 89134-6372                MAUPIN, COX & LEGOY                 ALTURAS, CA 96101-4020
                                        P.O. BOX 30000
                                        RENO, NV 89520-3000


MODOC COUNTY TAX COLLECTOR              JAN P. JOHNSON                      John A White
204 S. COURT STREET                     1500 W. EL CAMINO AVE., #197        White Law Chartered
ALTURAS, CA 96101-4012                  SACRAMENTO, CA 95833-1945           335 West 1st St.
                                                                            Reno, NV 89503-5344


MILTON M. DAMBACHER                     PATRICIA L. MCAULEY                 PATRICK J. MCAULEY
C/O CHRISTOPHER D. JAIME, ESQ.          3525 W. IDAHO ST.                   3525 W. IDAHO ST.
PO BOX 30000                            ELKO, NV 89801-4670                 ELKO, NV 89801-4670
MAUPIN, COX & LEGOY
RENO, NV 89520-3000
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)JOHN J. BENNER and MARY ALICE SANDSTROM, G    End of Label Matrix
                                                 Mailable recipients    14
                                                 Bypassed recipients     1
                                                 Total                  15
```

Étiquettes faciles à peler
Utilisez le gabarit AVERY® 5160®

Sens de chargement
Repliez à la hachure afin de révéler le rebord Pop-up™

www.avery.com
1-800-GO-AVERY