Philip J. Dabney, Esq. (3391)
Lars K. Evensen, Esq. (8061)
**HOLLAND & HART LLP**
3800 Howard Hughes Parkway, 10th Floor
Las Vegas, NV 89169
Phone: (702) 669-4600

*Electronically filed on June 7, 2011*

*Mustapha Assi Revocable Living Trust June 23, 2003*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In Re:  INTEGRATED FINANCIAL
ASSOCIATES, INC.

Debtor.

Case No.:   11-13537-BAM
Chapter:    11

**MOTION TO LIFT STAY**

**Hearing Date:  July 12, 2011**

**Hearing Time:  10:00 a.m.**

**Duration of Hearing: 5-Minutes**

**Court Room: 3**

Creditor, Mustapha Assi Revocable Living Trust June 23, 2003 ("Assi"), by and through

its counsel Holland & Hart LLP ("H&H") hereby moves to modify the automatic stay.  Assi's

motion is based on the following Memorandum of Points and Authorities, the exhibits attached

hereto, the affidavit of Mustapha Assi and, the pleadings and papers on file with this Court.

### MEMORANDUM OF POINT AND AUTHORITIES

**I. Summary**

In an abundance of caution, Assi seeks general relief from the stay as to the Debtor's

interest, in various non-Debtor entities.  'Cause' exists to terminate the stay under various

factors.  For the reasons set forth below, this motion should be granted.

Assi recognizes non-Debtor entities are <u>not</u> subject to the automatic stay.  However, the

Debtor's Schedule B identifies the Debtor's purported interest in various non-Debtor entities.

Assi and the Debtor have membership interests in various common non-Debtor limited liablity

companies.  Furthermore, Assi and the Debtor are limited partners in several non-Debtor limited

HOLLAND & HART LLP
3800 Howard Hughes Parkway, 10th Floor
Las Vegas, NV 89169
Phone: (702) 669-4600 ◆ Fax: (702) 669-4650

HOLLAND & HART LLP
3800 Howard Hughes Parkway, 10th Floor
Las Vegas, NV 89169
Phone: (702) 669-4600 ♦ Fax: (702) 669-4650

1  partnerships. Assi's interest in these several non-Debtor entities arose out of Assi's dealings with

2  the Debtor.   Assi anticipates taking actions, which may include the dissolution, liquidation,

3  partition, or changes to the structure of the non-Debtor entities, in which the parties hold an

4  interest.  These actions potentially affect the Debtor and property of the estate.  For example,

5  judicial dissolution of an entity requires an action before a Court in which the Debtor would be a

6  party. Thus, Assi, in the abundance of caution, considers it prudent to obtain relief from the stay,

7  before taking action related to the non-Debtor entities.  For these reasons, relief from the stay is

8  warranted.

9  **II. Facts**

10     In its May 19, 2011 Status Report, the Debtor summarized its business model as a loan

11  broker and loan servicer, which involved several participants. *See* Doc. 42 pg. 1.  Consistent

12  therewith, from time to time, the Debtor would approach Assi and inquire if Assi was interest in

13  placing money with the Debtor for the purpose of making loans secured by deeds of trust. *See*

14  **Exhibit 1**, Affidavit of Mustapha Assi  ("Assi Aff'd").  Assi, over a period of several years,

15  placed money with Debtor associated with several offers. *Id.*

16     As a typical example, in July 2009, the Debtor provided Assi with a participation offering

17  associated with project commonly referred to as Summerwind. Attached hereto as **Exhibit 2** is a

18  true and correct copy of the July 2009 Summerwind participation offering.

19     Upon information and belief, in these several offerings, Debtor used Assi's money along

20  with the money of others to make loans secured by deed(s) of trust for the benefit of Assi and the

21  others. Assi Aff'd.  At no time did the Debtor represent it was in the real-estate development or

22  land banking business or that such a business model was the intended purpose of the loan

23  participation. Assi Aff'd.

24     Following the change in the real-estate market, starting in and around early 2008, the

25  Debtor represented to Assi that various borrowers, associated with Assi's several placements of

26  money, went into default. Assi Aff'd. Upon information and belief, when said borrows would

27  default on the loans made by the Debtor, the Debtor would foreclosure upon the real property,

1    pursuant to the deed(s) of trust. Assi Aff'd.  Upon foreclosure, the Debtor represented to Assi
2    that a majority of those who placed money with the Debtor for a loan and deed of trust associated
3    with the subject real property, had elected to have the title the real property placed in the name of
4    an entity, with interests in the entity issued to those who placed monies, rather than having the
5    title vested as tenants in common. Assi Aff'd.

6         As a typical example, in June 2010, the Debtor issued Assi a letter indicating an intent
7    foreclose on the Summerwind deed of trust, to create Summerwind Partners, LLC, and to assign
8    a percentage of ownership interest based on the amount place by Assi and others in the original
9    loan. See **Exhibit 3**, which is a true and correct copy of the Debtor's June 2010 Letter.

10        In the several instances where the Debtor foreclosed on certain real property and sought
11   to have interest assigned in a newly formed entity, Assi in each instance refused to agree to said
12   treatment. *See* Assi Aff'd.  The Debtor would represent - under various statutory provisions in
13   Nevada and California as applicable – that the Debtor had sufficient agreement and beneficial
14   interest in the subject loans to compel Assi to accept the release of the loan and receive a pro-rata
15   interest in a formed entity. *See* Assi Aff'd.

16        As a typical example, on October 2010, the Debtor issue Assi a letter indicating under
17   NRS 645B.340, that title in the property vested with Summerwind Partners, LLC and that Assi
18   would receive a pro-rata interest in Summerwind Partners, LLC. *See* **Exhibit 4**, which is a true
19   and correct copy of the Debtor's October 2010 Letter.  This practice is consistent with
20   summation provided by the Debtor in its Status Report.  Doc. 42 pg. 2

21        From time to time, the Debtor would issue Assi a Lender Statement of Account.  See
22   **Exhibit 5**, which is a true and correct copy of the Debtor's January 31, 2011 Lender Statement
23   of Account.  As reflected in the, Lender Statement of Account, by January 31, 2011, the Debtor
24   had foreclosed on all the placements associated with Assi's money and place Assi as a member
25   or limited partner in several non-Debtor entities, as set forth in Exhibit 5 (the "non-Debtor
26   entities").  The following table summarizing, those entities Assi has an interest in (Exhibit 5) and
27   those the Debtor claims to have in interest in *see* Doc. 1 Debtor's Schedule B, pg. 12-13.

HOLLAND & HART LLP
3800 Howard Hughes Parkway, 10th Floor
Las Vegas, NV 89169
Phone: (702) 669-4600 ♦ Fax: (702) 669-4650

| non-Debtor entity | Debtor |
|---|---|
| Kyle Canyon Holdings II, LLC | |
| Desert Highlands Assoc., LLC | |
| Golden State Investments, LP & Pegasus – MH Ventures | |
| Logandale Real Estate Partners, LLC | |
| Summerwind Partners, LLC | X |
| Eagle Falls Partners Limited Partnership | |
| L217-1 ID Eagle Linder, LLC | |
| Hazel Lake Holdings, LLC | X |
| 325 Texvada Investments, LLC | |
| Essex Real Estate Partners, LLC | |
| 325 Paso Holdings, LLC | |

Also, in its May 19, 2011 Status Report to the Court, the Debtor reports that it earns "…management fees for managing the limited liability companies as disclosed below, ranging from 0.5% to 1% per anum…". *See* Doc. 42. The exhibits to the Status Report disclosed the Debtor's fees, but did not disclose the actual entities it was managing to earn said fees. *Id.* Furthermore, it is unclear what the nature of the management arrangement, as the Debtor did not schedule any executory contracts with any of the entities. *See* Doc 1, Schedule G.

The Debtor, on behalf of the non-Debtor entities, would send invoice(s) to Assi seeking payment associated with the non-Debtor entities. Attached hereto as **Exhibit 6** is a true and correct copy of Debtor Issued Investor Notice. Upon information and belief, the Entities have no or limited independent source of income and no operating capital. Assi Aff'd. It appears, that the Entities have no operating capital, as the Debtor, as manager, is not holding funds or items of value for the Entities, with the exception of Eagle Falls Partners, LP. *See* Doc. 1-1, pg. 15.

HOLLAND & HART LLP
3800 Howard Hughes Parkway, 10th Floor
Las Vegas, NV 89169
Phone: (702) 669-4600 ♦ Fax: (702) 669-4650

## III. Argument

The Debtor's interest in the non-Debtor entities is property of the estate.  11 U.S.C. § 541(a). Pursuant to 11 U.S.C.§ 362(a)(1) operates as a stay, against Assi, from commencing any action or proceeding against the Debtor, which could have been commenced before the petition date.  Likewise, Assi is stayed from any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate.  11 U.S.C.§ 362(a)(3).

The Court may grant Assi relief from the stay for 'cause'.  11 U.S.C. § 362(d)(1).  Stay relief shall be granted upon a showing of 'cause', which has no clear definition and is determined on a case-by-case basis.  *See* 11 USC §362(d) and *Benedor Corp. v. Conejo Enters., Inc. (In re Conejo Enters., Inc.),* 96 F.3d 346, 352 (9th Cir.1996), quoting *Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.),* 912 F.2d 1162, 1166 (9th Cir.1990).  The decision whether to grant or deny relief from the automatic stay is committed to the sound discretion of the bankruptcy court.  *See Conejo* at 351.  Decisions committed to the bankruptcy court's discretion will be reversed only if based on an erroneous conclusion of law or when the record contains no evidence, on which the bankruptcy court rationally could have based that decision.  *Id.*

The Debtor has the ultimate burden of proof on the 'cause' issue; Assi must produce some evidence in the first instance to support the "cause" allegation.  *See In re A Partners, LLC,* 344 B.R. 114, 121 (Bankr. E.D.Cal., 2006).  Factors to consider in determining whether the automatic stay should be modified for cause include: (1) an interference with the bankruptcy; (2) good or bad faith of the debtor, (3) injury to the debtor and other creditors if the stay is modified; (4) injury to the movant if the stay is not modified; and (5) the relative portionality of the harms from modifying or continuing the stay.  *See In re A Partners, LLC*, 344 B.R. 114, 127 (Bankr. E.D.Cal., 2006).

### i. Interference

The scope of the relief sought by Assi, relates to the Debtor's marginal interest in non-Debtor entities.  Any action taken by Assi, related to the non-Debtor entities, does not have a

HOLLAND & HART LLP
3800 Howard Hughes Parkway, 10th Floor
Las Vegas, NV 89169
Phone: (702) 669-4600 ♦ Fax: (702) 669-4650

1   direct affect on the Debtor, but only tangentially affects property of the estate. Therefore, relief
2   from the stay poses little or no interference with the administration of the bankruptcy.

3   **ii. Good Faith or Bad Faith of the Debtor**

4   There is no specific issue of good or bad faith at this point in the proceeding, related to
5   the Debtors bankruptcy. However, to the extent the Debtor were to use the automatic stay based
6   on its nominal interest as a sword against the interest of other members or partners in the non-
7   Debtor entities and/or hamper the business of the non-Debtor entities that would be an act of bad
8   faith by the Debtor.

9   **iii. Injury to Debtor and Others if Stay is Modified**

10   There is no apparent injury to the Debtor or other creditors, which would arise by
11   modifying the stay as, requested. The Debtor has but a nominal interest in the non-Debtor
12   entities.  The Debtor's nominal interest in these entities does not affect the Debtor's
13   reorganization as set forth in the Status Report. Therefore, actions related to the non-Debtor
14   entities have but a nominal impact on the Debtor.

15   *Arguendo*, if Assi were successful in the dissolution of certain non-Debtor entities, this
16   may aid in the Debtor's ability liquidate its interest for the benefit of creditors.

17   **iv. Injury to Assi if the Stay is Not Modified**

18   Given the current condition of the non-Debtor entities and the limited financial ability of
19   the Debtor, Assi believes additional action, related to the non-Debtor entities, is warranted to
20   preserve the assets and value of the non-Debtor entities and its members or partners. Assi would
21   be injured if he were unable to act to preserve equity and/or mitigate loss related to the non-
22   Debtor entities.

23   **v. Balancing the Harms**

24   The injuries to the parties are set forth above. In the totality of the circumstance, the
25   Debtor suffers little or no harm by granting relief. On the other hand, Assi is barred from taking
26   action to preserve the value of his interest in various non-Debtor entities. Upon balancing the
27   harms, relief from the stay favors Assi.

HOLLAND & HART LLP
3800 Howard Hughes Parkway, 10th Floor
Las Vegas, NV 89169
Phone: (702) 669-4600 ◆ Fax: (702) 669-4650

**IV. Conclusion**

Based on the foregoing, there is "cause" for this Court to modify the stay to allow Assi to take any and all actions, which may affect the Debtor's interest therein, related to the non-Debtor entities.

DATED: June 7, 2010

By: _____
Lars K. Evensen, Esq.  8061
HOLLAND & HART LLP
3800 Howard Hughes Parkway, 10th Floor
Las Vegas, NV  89169
(702) 669-4600
*Group*

**HOLLAND & HART LLP**
3800 Howard Hughes Parkway, 10th Floor
Las Vegas, NV 89169
Phone: (702) 669-4600 ◆ Fax: (702) 669-4650

-7-

## CERTIFICATE OF SERVICE

I am, and was when the herein described mailing took place, a citizen of the United

States, over 18 years of age, and not a party to, nor interested in, the within action; that on June

7th, 2011 I served a true and correct copy of **MOTION TO LIFT STAY** through the Court's

electronic CM/ECF system as follows:

**MICHAEL B WIXOM**
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
represented by LAS VEGAS, NV 89134
(702) 252-5002
mbw@slwlaw.com
for Bank of Nevada

**LARS H FULLER**
BAKER & HOSTETLER LLP
represented by 303 E 17TH AVE STE 1100
DENVER, CO 80203-1264
for Community Business Bank

**LARS H FULLER**
BAKER & HOSTETLER LLP
represented by 303 E 17TH AVE STE 1100
DENVER, CO 80203-1264
for First Private Bank & Trust

**LARS H FULLER**
BAKER & HOSTETLER LLP
represented by 303 E 17TH AVE STE 1100
DENVER, CO 80203-1264
for Golden Security Bank

**ALAN R SMITH**
505 RIDGE ST
RENO, NV 89501
represented by (775) 786-4579
mail@asmithlaw.com
*for Integrated Financial Associated, Inc.*

**LARS H FULLER**
BAKER & HOSTETLER LLP
represented by 303 E 17TH AVE STE 1100
DENVER, CO 80203-1264
*for Nara Bank National Association*

represented by **LAUREL E. DAVIS**

HOLLAND & HART LLP
3800 Howard Hughes Parkway, 10th Floor
Las Vegas, NV 89169
Phone: (702) 669-4600 ♦ Fax: (702) 669-4650

FENNEMORE CRAIG, P.C.
300 S. FOURTH STREET, #1400
LAS VEGAS, NV 89101
(702) 692-8000
(702) 692-8099 (fax)
ldavis@fclaw.com
*for Outsource Service Management, LLC*

**LARS H FULLER**
BAKER & HOSTETLER LLP

represented by    303 E 17TH AVE STE 1100
DENVER, CO 80203-1264
*Assigned: 05/09/11*
*for Saigon National Bank*

**CANDACE C CARLYON**
SHEA & CARLYON, LTD.
701 BRIDGER AVENUE, SUITE 850

represented by    LAS VEGAS, NV 89101
(702) 471-7432
(702) 471-7435 (fax)
wapplegate@sheacarlyon.com
*for Vestin Realty Mortgage II, Inc.*

_____
An Employee of Holland & Hart LLP

5126928_1.DOCX

*left margin:*
HOLLAND & HART LLP
3800 Howard Hughes Parkway, 10th Floor
Las Vegas, NV 89169
Phone: (702) 669-4600 ♦ Fax: (702) 669-4650

-9-

# EXHIBIT 1

Philip J. Dabney, Esq. (3391)
Lars K. Evensen, Esq. (8061)
**HOLLAND & HART LLP**
3800 Howard Hughes Parkway, 10th Floor
Las Vegas, NV 89169
Phone: (702) 669-4600

*Electronically filed June 7, 2011*

*Mustapha Assi Revocable Living Trust June 23, 2003*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In Re:  INTEGRATED FINANCIAL ASSOCIATES, INC.<br><br>Debtor. | Case No.:   11-13537-BAM<br>Chapter:    11<br><br>**AFFIDAVIT OF MUSTAPHA ASSI IN SUPPORT OF MOTION TO LIFT STAY** |

State of Nevada          )
                         ) ss.
County of Clark          )

I, Mustapha Assi, being first duly sworn, hereby deposes and says under penalty of perjury,

1.      Affiant is over 18 years of age, competent to testify.

2.      That I am a representative for Creditor Mustapha Assi Revocable Living Trust ("Assi").

3.      That the Debtor has operated as a loan broker and loan servicer for Creditor Mustapha Assi Revocable Living Trust.

4.      That the Debtor was responsible for collection of loan payments and disbursements to Assi and other various investors.

5.      That the Debtor would approach Assi and inquire if Assi was interested in placing money with the Debtor for the purpose of making loans secured by deeds of trust.

6.      That Assi over a period of several years, placed money with the Debtor associated with several offers.

-1-

**HOLLAND & HART LLP**
3800 Howard Hughes Parkway, 10th Floor
Las Vegas, NV 89169
Phone:  (702) 669-4600 ♦ Fax: (702) 669-4650

7.      That on July 2009, the Debtor provided Assi with a participation offering associated with project commonly referred to as Summerwind.

8.      That upon information and belief, in these several offerings, Debtor used Assi's money along with the money of others to make loans secured by deed(s) of trust for the benefit of Assi and the others.

9.      The Debtor at no time represented it was in the real-estate development or land banking business or that such activities was the intended purpose of the participation.

10.     Following the change in the real-estate market, starting in and around early 2008, The Debtor represented to Assi and various borrowers several placements of money went into default. When the borrowers would default on the loans made by the Debtor, the Debtor would foreclose upon the real property.

11.     Upon foreclosure, the Debtor represented to Assi that a majority of those who placed money with the Debtor for a loan and deed of trust associated with the subject real property, had elected to have the title the real property placed in the name of an entity, with interest in the entity issued to those who placed monies, rather than having the title vested as tenants in common.

12.     In June 2010, the Debtor issued a letter to Assi indicating an intent to foreclose on the Summerwind deed of trust, to create Summerwind Partners, LLC and to assign a percentage of ownership interested based on the amounts placed by Assi and others in the original loan.

13.     In several instances where the Debtor foreclosed certain real property and sought to have assigned in a new formed entity, Assi in each instance refused to agree to said treatment.

14.     The Debtor would represent under various statutory provisions in Nevada and California as applicable that the Debtor had sufficient agreement and beneficial interest in the subject loans to compel Assi to accept the release of the loan and receive a pro-rata interest in a formed entity.

15.     On October 2010, the Debtor issued a letter to Assi indicating under NRS 645B.340, that title in the property vested with Summerwind Partners, LlC and that Assi would receive a pro-rata interest in Summerwind Partners, LLC.

HOLLAND & HART LLP
3800 Howard Hughes Parkway, 10th Floor
Las Vegas, NV 89169
Phone: (702) 669-4600 ♦ Fax: (702) 669-4650

HOLLAND & HART LLP
3800 Howard Hughes Parkway, 10th Floor
Las Vegas, NV 89169
Phone: (702) 669-4600 ♦ Fax: (702) 669-4650

16.     From time to time the Debtor would issue Assi a Lender Statement of Account.

17.     By January 31, 2011, the Debtor had foreclosed on all placements associated with Assi's money and place Assi as a member or limited partner in several entities.

18.     On May 19, 2011, the Debtor reported that it earned management fees for managing the limited liability companies, it is unclear what the nature of the management arrangement as the Debtor did not schedule any executory contracts with any of the non-debtor entities.

19.     The Debtor, on behalf of the non-debtor entities would send Assi invoices seeking payment associated with the Entities.  The Entities have no or limited independent source of income and no operating capital, as the Debtor as manger is not holding funds or items of value for the non-Debtor entities with the exception of Eagle Falls Partners, LP.

Affiant says nothing further.

DATED on this _____6_____ day of June, 2011.



Mustapha Assi

Subscribed and sworn to before me

On this _____6_____ day of June, 2011.

Notary Public for Said County & State

NINA SCHEIN
Notary Public State of Nevada
No. 94-2321-1
My appt. exp. Aug. 27, 2014

5130735_1.DOC

# EXHIBIT 2



**IFA** INTEGRATED FINANCIAL ASSOCIATES, Inc.
REAL ESTATE LENDERS

7785 W. SAHARA AVE., SUITE 100
LAS VEGAS, NV 89117
TEL 702 257-0021  FAX 702 257-0031

### GOLF COURSE LOT LOAN
### BOISE, IDAHO

Here is a request for a first Trust Deed loan that Integrated Financial Associates is funding.  If you want to participate in this funding, please contact Lorie Sharp or Charlotte Bothwell at (702) 257-0021 or by fax at (702) 257-0031.

| | |
|---|---|
| Date: | July 8, 2009 |
| Loan Number: | 29-005 |
| Borrower: | Summerwind Partners, LLC, a Nevada limited liability company |
| Loan Amount: | $1,550,000 |
| Collateral and Security: | A first Deed of Trust on 83 finished estate golf course lots located near Caldwell, Idaho, a suburb of Boise. |
| Property Value: | A competitive market analysis prepared Coldwell Banker indicate that the lots are currently valued at $78,000 per lot, or $6,474,000 |
| Loan to Value: | 21.6% of the value indicated by local brokers. |
| Term: | 24 months.  Borrower has the option to extend the loan for an additional twelve month term. |
| Interest Rate: | 12%, net  to Investors.  The interest for the first 15 months of the loan will be reserved and held by IFA. |
| Maturity Date and Payment Schedule: | Interest only monthly on the first of each month with the entire balance of principal and unpaid interest due in 24 months, unless otherwise extended.. |
| Minimum Investment: | $50,000.00 |
| Repayment: | Sale of lots |

Comments: The owner of the property is an entity comprised of the investors that foreclosed on an $8.235MM loan in January 2009. At the time the loan was made, lots were selling at approximately $185,000 per lot and nine lots were sold before the loan went into default.  This loan will provide the funds necessary to complete the construction of the golf course and to finalize certain issues related to water rights, easements, grading and irrigation rights for the lots.  The Borrower is entering into a construction contract and a ten year lease / management agreement with Tradition Golf Management,

LLC, the largest golf course operator in the Boise area. The funds for the construction will be controlled by IFA in a designated depository and disbursed following inspection. The construction bid for the completion of the course has been reviewed and approved by two independent golf course construction management firms. The deed of trust will specify that lots will be released from the loan at 110% of net proceeds from the sale; however, the balance of the proceeds will be retained in a trust account to provide for interest payments for the remaining term of the loan and to pay property taxes, if necessary.

The front nine is completed and the back nine will begin seeding in August 2009. The operator plans to open all 18 holes in Spring 2010. The Borrower intends to retain a local broker to begin a marketing program in the spring as well, in conjunction with the opening of the course.

The loan will be funded in two parts ; $500,000 will be funded in July 2009 to pay for the work that has been done on the course to date and the balance will be funded in August 2009 to pay for the seeding and completion of the back 9.

Lots range in size from 29,000 sq. ft to 42,000 sq. ft. Average lot size is 35,000 sq. ft. All lots are finish graded and all streets, curbs, gutters and utilities are in place and stubbed in to the individual lots. Market analysis indicates that there are only 310 golf course lots available in the general Boise area (i.e. 25% of available lots are in this project). All other golf course lots for sale range in size from 6,000 – 10,000 sq. ft.

Disclosures: The information regarding the property is available for review at our office or will be available prior to closing.

All real estate markets can be negatively impacted by fluctuations in interest rates, availability of capital, supply and demand factors and general economic conditions that can affect our market both locally and nationally.

Each investor should review this proposal, keeping in mind these risk factors, and their base investment decision on existing market conditions and potential changes in the economy, and also their personal investment objectives ands risk tolerance.

Money invested through a mortgage broker is not guaranteed to earn any interest or return and is not insured. Before investing, investors must be provided applicable disclosure documents.

The owners, directors, officers, managers and employees or their relatives related within the second degree by blood or marriage may invest in this loan.

# EXHIBIT 3



7785 W. Sahara Ave.
Suite 100
Las Vegas, NV 89117

Voice: 702-257-0021
Toll-free: 877-633-9393
Fax: 702-257-0031

*Real Estate Lending Specialists*

June 21, 2010

Mustapha Assi Rev. Living Trust 6/23/03
3281 S. Highland, Suite 813
Las Vegas, NV 89109

*Re:    L222-1 ID Summerwind, LLC*
*IFA Loan No. 27-011*

Dear Mr. Assi:

We are writing to update you regarding the status of the Summerwind Golf Course project in Boise Idaho and to advise you of a proposal we have received related to finishing the golf course. As you may recall, we completed the foreclosure on the property in 2009. The property is located approximately 30 miles west of Boise in the Caldwell area of Idaho. The collateral consists of 83 finished lots, a partially (80%) finished golf course, and a water system with sufficient capacity to service 1,000 lots in the surrounding area. Tradition Golf Management (Timberstone), a local golf course operator, was working on the course previously, but we were unable to obtain sufficient funds to complete the course last year. The front nine holes are 99% completed. The back nine holes are completely graded, but the irrigation system is still unfinished and the grass was never planted.

Because completing the course is critical, a group comprised of Timberstone and two local businessmen (the "Golf Partners") have submitted a proposal to complete the golf course using their own funds and release the liens they have on the course (approximately $170,000 in mechanics liens for unpaid work). They are asking the investors to "sell" them the golf course in return for them finishing the course, releasing their liens, and opening the course for play in 2011. It is estimated that it will take approximately $600,000 to finish the course, install a club house (double-wide trailer), and have it ready for play. Including the waiver of the liens, the investors are "selling" the course to the Golf Partners for approximately $770,000. We have been advised by brokers in the area that there are three golf courses in the Boise area that are for sale for less than $500,000 and, to date, none of them have been sold.

The proposed structure would require Summerwind Partners, LLC to enter into a purchase agreement to convey title to the golf course (not the lots) to the Golf Partners. Summerwind will in turn receive a deed of trust in the amount of $600,000. In addition, the Golf Partners will provide a performance bond for the cost of the construction. There will be a construction contract setting out the work to be done and the materials needed, which will be independently verified by our consultants for the scope of work and the retail cost of the materials. In the event the Golf Partners fail to complete the work, Summerwind can foreclose on the deed of trust and file a claim against the bond to have the work completed by another company.

In addition to completing the course, there are additional costs totaling approximately $550,000 that need to be handled for installing additional perimeter landscaping sprinklers along the lots; adding

project landscaping, marketing costs, water fees, electricity costs, legal fees and costs, delinquent taxes, and project management fees. All of this work needs to be completed before lots can be sold. Included in that amount is approximately $260,000 in property taxes that have to be paid on the lots for the tax years 2007 through 2009 to keep the property from being tax defaulted by the county.

Brokers in the area have indicated that, in today's market, the lots can be sold for approximately $50,000 each (there is no market for a "bulk" sale of the lots), but they also estimate lot values may be worth closer to $75,000 - $80,000 in 2011 if the course is functioning. As you may recall, the principal balance due on the original loan is $8,235,000. As we have stated previously, without the golf course being completed and the additional funds needed to complete the lots, this project is unmarketable.

We are asking you to vote whether to approve the following:

1. Enter into the proposed agreement to sell the golf course to the Golf Group under the terms set forth above.
2. Originate a loan for $550,000 to finish the lots, pay the delinquent taxes, and complete the work on the lots as set forth above. The loan terms will be 13% for three years with interest to accrue. Proceeds from lot sales will be used to establish a reserve for future years' taxes and reduce the balance of the loan. The loan will be secured by a first lien deed of trust on the 83 lots ($6,600 per lot). This loan will be funded by a third party as we have been unable to raise funds directly from the investors.

At the time we foreclosed on the property, we created Summerwind Partners, LLC, a Nevada limited liability company, to take title instead of having title vest in the names of the individual investors as tenants in common. Each investor is now listed as a member of a limited liability company with the same percentage ownership interest as they had in the original loan. We previously sent the Operating Agreement for Summerwind Partners, LLC to the investors for signature. To date, 65% of the investors have returned their signature pages. If you have not previously done so, please return the signature page from the Operating Agreement with your ballot.

The enclosed ballot requests a vote of the investors whether to approve the items set forth above. The votes of fifty-one percent of the investors will determine our course of action. Please consider this carefully, as without the golf course the lots have little or no value.

We believe that this is a great opportunity to get the course finished and install the premier golf course operator in Boise as the manager of the course. If we fail to get the course completed, several hundred thousand dollars of work will be wasted and the project will most likely never get sold. The lots cannot be sold without the course being finished and the additional work being performed. The taxes must be paid. There really is no band-aid or short term solution.

As we know that many of you will have questions, we are scheduling a meeting to be held at 4:00 PM on Monday, June 28, 2010 at 5670 Wynn Road, Suite F, **not at IFA's offices**. That office is located at the South East corner of Wynn Rd. and Dewey Drive, immediately north of Russell Road between Polaris Avenue and Valley View Blvd. Please call Lorie Sharp or Charlotte Bothwell in our office to indicate whether you will be able to attend the meeting so we know how many people will actually attend.

If you have any further questions, please do not hesitate to call us.

Very truly yours,

Bill Dyer

To:        Integrated Financial Associates, Inc.

From:     Mustapha Assi Rev. Living Trust 6/23/03

*Re:*       *IFA Loan No. 27-011 / Summerwind*
             *Summerwind Partners, LLC*

With respect to my investment in Summerwind Partners, LLC (IFA loan 27-011) referenced above, I select the option(s) below.

Please provide your vote in the spaces provided below, sign, and return the form and the signature page the Operating Agreement, if not returned to us previously, to IFA by mail, email, or fax to (702) 257-0031.

---

**VOTE FOR ONE**

_____   I will attend the meeting on June 28, 2010.

_____   I will not attend the meeting on June 28, 2010 (*if you are not attending the meeting, your vote below will be considered your proxy for purposes of determining the direction of 51% of the members*).

---

**VOTE FOR ONE**

_____   I agree to sell the golf course pursuant to the terms of the letter dated June 21, 2010.

_____   I do not agree to sell the golf course pursuant to the terms of the letter dated June 21, 2010.  I understand that if the golf course is not completed, the property has minimal value.

---

**VOTE FOR ONE**

_____   I agree to allow IFA to arrange a loan for $550,000 pursuant to the terms of the letter dated June 21, 2010

_____   I do not agree to allow IFA to arrange a loan for $550,000 pursuant to the terms of the letter dated June 21, 2010.  I understand that if the taxes are not paid and the improvements made to the lots, the property may be foreclosed on for delinquent taxes and the entire amount of my investment may be lost.

**COMMENTS:**

---

Account No. 328


_____     _____
Signature(s)                       Date

# EXHIBIT 4



3311 S. Rainbow Blvd.
Suite 209
Las Vegas, NV 89146

Voice: 702-257-0021
Toll-free: 877-633-9393
Fax: 702-257-0031

*Real Estate Lending Specialists*

## VIA CERTIFIED MAIL

October 19, 2010

### ***URGENT***

Mustapha Assi Rev. Living Trust 6/23/03
3281 S. Highland, Suite 813
Las Vegas, NV  89109

*Re:    L222-1 ID Summerwind, LLC*
        *IFA Loan No. 27-011*

Dear Mr. Assi:

    We are writing to update you regarding the status of the Summerwind Golf Course project in Boise, Idaho and to advise you that, inexplicably, we are still missing your signature on the Operating Agreement. In our letter dated June 21, 2010 we solicited your votes regarding the proposed sale of the golf course and arranging a loan on the 83 lots for $550,000. A large majority of the investors in the loan approved both proposals.

    We intend to complete the golf course sale and close the loan before the end of October. As stated in our letter dated June 21, at the time we foreclosed on the property, we created Summerwind Partners, LLC, a Nevada limited liability company (the "Company"), to take title instead of having title vest in the names of the individual investors as tenants in common. This protects the investors from personal liability. Each investor is now listed as a member of the Company with the same percentage ownership interest as they had in the original loan. To date, 92% of the investors have returned their signature pages. For those investors who did not return the signature page to the Operating Agreement we are once again requesting that you do so **immediately**. We have enclosed the Operating Agreement for Summerwind Partners, LLC and your signature page. If you receive these documents, please return the signature page via fax, mail, or email <u>immediately</u>.

    Please be advised that 51% of the investors in the loan control the actions taken by the investors pursuant to Nevada Revised Statutes §645B.340 which states, in part:

**NRS 645B.340  Multiple holders of beneficial interest in loan: Holders of majority of outstanding principal balance may act on behalf of all holders for certain matters; exception.**
    1.   Except as otherwise provided by law or by agreement between the parties and regardless of the date the interests were created, if the beneficial interest in a loan belongs to more than one natural person, <u>the holders of 51 percent or more of the outstanding principal balance **may act on behalf of all the holders of the beneficial interests of record** on matters which require the action of the holders of the beneficial interests in the loan, including, without limitation</u>:

    (c) The <u>sale</u>, <u>encumbrance</u> or lease of real property owned by the holders resulting from a foreclosure or the receipt of a deed in lieu of a foreclosure in full satisfaction of a loan;

(d) The release of any obligation under a loan <u>in return for an interest in equity in the real property</u> or, if the loan was made to a person other than a natural person, an interest in equity of that entity; and

In addition, investors who do not execute the Operating Agreement may be liable for damages in the event that their acts are deemed to be detrimental to the other investors in the loan. In this case, in the event we are not successful in completing the sale or loan transactions because some investors do not become members of the company, **we may lose nineteen of our 83 lots due to tax default on November 8, 2010**. A large portion of the proposed loan proceeds are intended to pay off the delinquent taxes, among other expenses related to the property. **Please consult with independent legal counsel regarding what individual risk you may have in the event you do not consent to become a member of the Company.**

The group who intend to purchase the golf course will complete everything they need to have the course open in June 2011, including planting over 1,000 trees on the golf course and completing the landscaping for all three entrances to the project. This has greatly enhanced the value of these lots as they will now be on a completed and fully operational golf course.

In the event you have questions or issues regarding your inclusion as a member of the Company, please call our offices to discuss them. **Your failure to respond may have serious detrimental results to the project as well as the other investors in the loan.**

If you have any further questions, please do not hesitate to call us.

Very truly yours,

Bill Dyer

# EXHIBIT 5

## LENDER STATEMENT OF ACCOUNT

**COMPANY**

Integrated Financial Associates, Inc.
I S. Rainbow Blvd., Suite 209
Vegas NV 89146
(702) 257-0021

| ACCOUNT NO. | 328 |
|---|---|
| STATEMENT DATE | 1/31/2011 |
| STATEMENT PERIOD | 01/01/2010 - 12/31/2010 |
| PORTFOLIO BALANCE | $1,958,655.35 |
| PORTFOLIO YIELD | 14.169% |
| INTEREST PAID IN 2010 | $0.00 |

**LENDER**

Mustapha Assi Rev. Living Trust 6/23/03
3281 S. Highland,  Suite 813
Las Vegas NV 89109

Please advise us immediately of any discrepancies in the transactions or investment activity on your statement of account or if you contemplate changing your address. When making inquiries by telephone or in writing please give your account number.  We urge you to keep this statement with your investment records.

### INVESTMENT PORTFOLIO AS OF 12/31/2010

| Loan Account | Borrower Name | % Pct Owned | Interest Rate | Maturity Date | Term Left | Next Payment | Regular Payment | Loan Balance |
|---|---|---|---|---|---|---|---|---|
| 25-003 | Kyle Canyon Holdings II, LLC | 60.000% | 15.000% | 10/31/2007 | -38 | 01/01/2008 | $1,875.00 | $150,000.00 |
| 25-003 | Kyle Canyon Holdings II, LLC | 40.000% | 15.000% | 10/31/2007 | -38 | 01/01/2008 | $1,250.00 | $100,000.00 |
| 25-012 | Desert Highlands Associates, LLC | 2.000% | 17.500% | 01/01/2009 | -23 | 04/01/2008 | $1,200.00 | $80,000.00 |
| 26-020 | Golden State Investments, LP & Pegasus-MH Ventures | 14.130% | 17.000% | 06/02/2008 | -30 | 04/01/2008 | $4,875.00 | $325,000.00 |
| 27-007 | Desert Highlands Associates, LLC | 0.339% | 13.500% | 01/01/2009 | -23 | 04/01/2008 | $583.33 | $49,841.86 |
| 27-009 | Logandale Real Estate Partners, LLC | 0.979% | 13.000% | 05/07/2008 | -31 | 03/01/2008 | $308.50 | $27,421.95 |
| 27-011 | Summerwind Partners, LLC | 1.053% | 12.500% | 05/25/2008 | -31 | 03/01/2008 | $964.57 | $86,688.32 |
| 27-011 | Summerwind Partners, LLC | 1.777% | 12.500% | 05/25/2008 | -31 | 03/01/2008 | $1,827.93 | $146,305.87 |
| 27-013 | Eagle Falls Partners Limited Partnership | 0.519% | 13.000% | 06/26/2008 | -30 | 02/01/2008 | $1,125.00 | $100,000.00 |
| 27-015 | L217-1 ID Eagle Linder LLC | 14.050% | 13.500% | 05/11/2008 | -31 | 04/01/2008 | $4,589.64 | $393,397.55 |
| 27-016 | Hazel Lake Holdings, LLC | 4.808% | 13.000% | 07/13/2008 | -29 | 03/01/2008 | $1,125.00 | $100,000.00 |
| 27-023 | 325 Texvada Investments, LLC | 0.943% | 12.000% | 06/28/2008 | -30 | 05/01/2008 | $520.83 | $50,000.00 |
| 27-030 | Essex Real Estate Partners, LLC | 1.299% | 13.000% | 12/03/2008 | -24 | 12/01/2008 | $3,375.00 | $300,000.00 |
| 28-002 | 325 Paso Holdings, LLC | 20.000% | 14.500% | 08/04/2008 | -28 | 03/01/2008 | $625.00 | $50,000.00 |
| | | Current Portfolio Yield: 14.169% | | | | | $24,044.80 | $1,958,655.35 |

### FUNDING ACTIVITY

| Transaction Date | Reference | Loan Account | Borrower Name | Amount Funded |
|---|---|---|---|---|
| | | | | $0.00 |

### ACCOUNT ACTIVITY

| Transaction Date | Check or Reference | Loan Account | Transaction Amount | Serv. Fees | Interest | Distribution Principal | Charges | Other | Trust |
|---|---|---|---|---|---|---|---|---|---|
| ℱ = Electronic Payment | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

# EXHIBIT 6

Integrated Financial Associates, Inc.
3311 S. Rainbow Blvd, Suite 209
Las Vegas, NV 89146

| | 328 |
|---|---|
| | 2/9/11 |

Mustapha Assi Rev. Living Trust 6/23/03
3281 S. Highland, Suite 813
Las Vegas, NV 89109

### *Past Due Notice*

Payment is due upon receipt of this notice. If you are
unable to pay the entire amount owed, please contact
our office to make payment arrangements.  257-0021

| Date | Description | Amount | | Total |
|---|---|---|---|---|
| 12/31/2009 | Management Fee | 1,250.00 | 0.00 | 1,250.00 |
| 06/30/2010 | Management Fee | 1,250.00 | 0.00 | 1,250.00 |
| 06/30/2010 | Legal | 41.79 | 0.00 | 41.79 |
| 06/30/2009 | Loan Servicing Fee | 395.21 | 0.00 | 395.21 |
| 12/31/2009 | Loan Servicing Fee | 125.00 | 0.00 | 125.00 |
| 06/30/2010 | Legal | 29.15 | 0.00 | 29.15 |
| 06/30/2010 | Legal Reserve | 50.85 | 0.00 | 50.85 |
| 06/30/2010 | Loan Servicing Fee | 125.00 | 0.00 | 125.00 |
| 06/30/2009 | Constr Oversight | 738.55 | 0.00 | 738.55 |
| 06/30/2009 | Development | 1,366.49 | 0.00 | 1,366.49 |
| 06/30/2009 | Fees | 5.68 | 0.00 | 5.68 |
| 06/30/2009 | Foreclosure | 1,579.36 | 0.00 | 1,579.36 |
| 06/30/2009 | Insurance | 85.30 | 0.00 | 85.30 |
| 06/30/2009 | Legal | 409.15 | 0.00 | 409.15 |
| 06/30/2009 | Loan Servicing Fee | 1,155.40 | 0.00 | 1,155.40 |
| 06/30/2009 | Management Fee | 1,464.99 | 0.00 | 1,464.99 |
| 06/30/2009 | Miscellaneous | 0.19 | 0.00 | 0.19 |
| 06/30/2009 | Property Taxes | 3,601.05 | 0.00 | 3,601.05 |
| 06/30/2009 | Site Visit | 48.29 | 0.00 | 48.29 |
| 06/30/2009 | Utilities | 407.40 | 0.00 | 407.40 |
| 12/31/2009 | Fees | 9.19 | 0.00 | 9.19 |
| 12/31/2009 | Golf Course Maint | 743.80 | 0.00 | 743.80 |
| 12/31/2009 | Legal | 24.83 | 0.00 | 24.83 |
| 12/31/2009 | Management Fee | 1,747.45 | 0.00 | 1,747.45 |
| 12/31/2009 | Site Visit | 14.14 | 0.00 | 14.14 |
| 12/31/2009 | Tax Assessment Appeal | 189.80 | 0.00 | 189.80 |
| 12/31/2009 | Utilities | 340.26 | 0.00 | 340.26 |
| 06/30/2010 | Legal | 44.21 | 0.00 | 44.21 |
| 06/30/2010 | Management Fee | 1,747.45 | 0.00 | 1,747.45 |
| 06/30/2010 | Site Visit | 17.34 | 0.00 | 17.34 |
| 06/30/2010 | Tax Return Prep | 22.63 | 0.00 | 22.63 |
| 06/30/2010 | Utilities | 38.17 | 0.00 | 38.17 |
| 06/30/2010 | Water Distr Assess | 204.19 | 0.00 | 204.19 |

Integrated Financial Associates, Inc.
3311 S. Rainbow Blvd, Suite 209
Las Vegas, NV 89146



328
2/9/11

### Past Due Notice

Payment is due upon receipt of this notice. If you are
unable to pay the entire amount owed, please contact
our office to make payment arrangements. 257-0021

Mustapha Assi Rev. Living Trust 6/23/03
3281 S. Highland, Suite 813
Las Vegas, NV 89109

| Date | Description | | | |
|---|---|---|---|---|
| 05/31/2009 | Fees | 1.04 | 0.00 | 1.04 |
| 05/31/2009 | Foreclosure | 246.08 | 0.00 | 246.08 |
| 05/31/2009 | Legal | 5.00 | 0.00 | 5.00 |
| 05/31/2009 | Marketing | 14.08 | 0.00 | 14.08 |
| 05/31/2009 | Site Visit | 1.82 | 0.00 | 1.82 |
| 06/30/2009 | Insurance | 1.26 | 0.00 | 1.26 |
| 06/30/2009 | Loan Servicing Fee | 317.81 | 0.00 | 317.81 |
| 06/30/2009 | Management Fee | 860.27 | 0.00 | 860.27 |
| 06/30/2009 | Property Maint | 0.71 | 0.00 | 0.71 |
| 12/31/2009 | Management Fee | 500.00 | 0.00 | 500.00 |
| 06/30/2010 | Franchise Tax | 4.15 | 0.00 | 4.15 |
| 06/30/2010 | Management Fee | 500.00 | 0.00 | 500.00 |
| 06/30/2010 | Tax Return Prep | 4.41 | 0.00 | 4.41 |

| Date | Description | | | |
|---|---|---|---|---|
| 06/30/2009 | Loan Servicing Fee | 2,774.37 | 0.00 | 2,774.37 |
| 12/31/2009 | Legal | 215.17 | 0.00 | 215.17 |
| 12/31/2009 | Loan Servicing Fee | 983.49 | 0.00 | 983.49 |
| 06/30/2010 | Loan Servicing Fee | 983.49 | 0.00 | 983.49 |

| Date | Description | | | |
|---|---|---|---|---|
| 06/30/2009 | Fees | 9.82 | 0.00 | 9.82 |
| 06/30/2009 | Legal | 146.84 | 0.00 | 146.84 |
| 06/30/2009 | Loan Servicing Fee | 867.12 | 0.00 | 867.12 |
| 06/30/2009 | Management Fee | 115.07 | 0.00 | 115.07 |
| 06/30/2009 | Marketing | 29.18 | 0.00 | 29.18 |
| 06/30/2009 | Property Taxes | 122.39 | 0.00 | 122.39 |
| 06/30/2009 | Site Visit | 27.02 | 0.00 | 27.02 |
| 12/31/2009 | Fees | 15.63 | 0.00 | 15.63 |
| 12/31/2009 | Legal | 83.35 | 0.00 | 83.35 |
| 12/31/2009 | Management Fee | 750.00 | 0.00 | 750.00 |
| 12/31/2009 | Property Maint | 147.84 | 0.00 | 147.84 |
| 12/31/2009 | Tax Assessment Appeal | 1.47 | 0.00 | 1.47 |
| 06/30/2010 | Fees | 17.26 | 0.00 | 17.26 |
| 06/30/2010 | Management Fee | 750.00 | 0.00 | 750.00 |
| 06/30/2010 | Property Taxes | 117.99 | 0.00 | 117.99 |
| 06/30/2010 | Rental Income | -125.00 | 0.00 | -125.00 |
| 06/30/2010 | Tax Return Prep | 31.25 | 0.00 | 31.25 |

Integrated Financial Associates, Inc.
3311 S. Rainbow Blvd, Suite 209
Las Vegas, NV 89146

| | 328 |
|---|---|
| | 2/9/11 |

## *Past Due Notice*

Payment is due upon receipt of this notice. If you are
unable to pay the entire amount owed, please contact
our office to make payment arrangements.  257-0021

Mustapha Assi Rev. Living Trust 6/23/03
3281 S. Highland,  Suite 813
Las Vegas, NV  89109

| 06/30/2009 | Legal | 4.34 | 0.00 | 4.34 |
|---|---|---|---|---|
| 06/30/2009 | Loan Servicing Fee | 311.64 | 0.00 | 311.64 |
| 06/30/2009 | Site Visit | 4.65 | 0.00 | 4.65 |
| 12/31/2009 | Legal | 1.79 | 0.00 | 1.79 |
| 12/31/2009 | Legal Expense Reserve | 113.21 | 0.00 | 113.21 |
| 12/31/2009 | Loan Servicing Fee | 125.00 | 0.00 | 125.00 |
| 12/31/2009 | Site Visit | 14.15 | 0.00 | 14.15 |
| 06/30/2010 | Insurance | 246.84 | 0.00 | 246.84 |
| 06/30/2010 | Legal | 74.15 | 0.00 | 74.15 |
| 06/30/2010 | Loan Servicing Fee | 125.00 | 0.00 | 125.00 |
| 06/30/2010 | Security Service | 41.98 | 0.00 | 41.98 |
| 06/30/2010 | Tax Assessment Appeal | 2.58 | 0.00 | 2.58 |
| 06/30/2010 | Use of Legal Reserve | -52.36 | -0.00 | -52.36 |

| 06/30/2009 | Legal | 331.40 | 0.00 | 331.40 |
|---|---|---|---|---|
| 06/30/2009 | Loan Servicing Fee | 989.34 | 0.00 | 989.34 |
| 06/30/2009 | Visit Co-Lender | 14.77 | 0.00 | 14.77 |
| 12/31/2009 | Legal | 117.05 | 0.00 | 117.05 |
| 12/31/2009 | Loan Servicing Fee | 750.00 | 0.00 | 750.00 |
| 06/30/2010 | Legal | 12.22 | 0.00 | 12.22 |
| 06/30/2010 | Loan Servicing Fee | 750.00 | 0.00 | 750.00 |
| 06/30/2010 | Tax Assessment Appeal | 120.80 | 0.00 | 120.80 |