MICHAEL LEHNERS, ESQ.
429 Marsh Ave.
Reno, Nevada 89509
Nevada Bar Number 003331
(775) 786-1695
email michaellehners@yahoo.com
Attorneys for Appellee
Mark Dingley

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

oOo

IN RE

MARK DINGLEY,

    Debtor(s).
_____
YELLOW EXPRESS, LLC and YELLOW LOGISTICS, LLC,

    Plaintiffs,

vs.

MARK DINGLEY

    Defendant,
_____/

BK-N- 13-50648-BTB

Adv. No. 13-05036
CHAPTER 7

Hearing Date: 10/8/13
and Time: 2:00 p.m.
Mtn No. _____
Est Time: 5 Minutes

REPLY TO OPPOSITION TO MOTION TO DISMISS

    COMES NOW, Defendant, Mark Dingley, by and through undersigned counsel and files the following Reply to the Plaintiffs' opposition to his motion to dismiss.

    As stated in the initial motion, the Plaintiffs asked Mr. Dingley to tow a Kenworth from Carson City to Reno. Mr. Dingley would not release the truck without proof of ownership. On September 10, 2008 Mr. Dingley conducted a lien sale. He was the successful bidder, and he resold the truck for $47,000.00.

    The Plaintiffs do not allege improper notice of the lien sale. The only allegation which is plead is Mr. Dingley did not allow the Plaintiffs to retrieve the truck due to their failure to provide sufficient identification.

1

Mr. Dingley cited <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 1949.

The Plaintiffs' opposition does only this, and it is even highlighted in bold print in their opposition. This does nothing to change the fact that Mr. Dingley was asked by the Plaintiffs to tow the truck, and that he refused to retrieve the vehicle due to their failure to provide proper identification. Everything else in the complaint is a conclusory statement.

There can be no clam for embezzlement as it requires an appropriation of the property to a use other than which it was entrusted. The Plaintiffs do not allege the notice of the lien sale was defective. Therefore, there was no misappropriation of the property.

To qualify under §523(a)(6) the Plaintiffs must plead facts to show the injury is "malicious." This means that it must also be a wrongful act, done intentionally, which necessarily causes injury, and which is done without just cause or excuse.

Because the complaint alleges Mr. Dingley did not find the Plaintiffs' identification acceptable, there are facts demonstrating just cause. For these reasons, the complaint must be dismissed.

Dated: This _____ day of _____, 2013

By: _____
Michael Lehners, Esq.
429 Marsh Ave.
Reno, Nevada 89509
Nevada Bar Number 003331

2

**CERTIFICATE OF SERVICE BY MAIL**

Pursuant to Federal Rule of Civil Procedure 5(b), I certify that on the 3rd day of September, 2013 I deposited for mailing in the United States Post Office in Reno, Nevada, with postage thereon fully prepaid, a true copy of the within REPLY TO OPPOSITION TO MOTION TO DISMISS addressed as follows:

Mark Wray, Esq.
608 Lander St.
Reno, NV 89509

_____
Dolores Stigall