John A. White Jr., Bar # 1741
WHITE LAW CHARTERED
335 West First St.
Reno, NV, 89503
775-322-8000
775-322-1228 Fax
john@whitelawchartered.com

E-Filed on May 7, 2013

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

In re:

RICK J. ARNAUD,

        Debtor

Case No: BK-N-11-51998-btb
Chapter 7

**MOTION FOR ORDER CONVERTING CASE TO CHAPTER 11**

Hearing Date: Pending
Hearing Time:
Estimated time for hearing:

RICK J. ARNAUD, Debtor above-named, by counsel, respectfully moves this Court for an order converting this case to a voluntary Chapter 11 case.

1. The Debtor filed its petition for relief under Chapter 7 of Title 11 of the United States Code on June 17, 2011.

2. The Debtor is eligible for relief under Chapter 11 of Title 11. The best interest of the Debtor and of creditors will be served by a reorganization under Chapter 11.

This Motion is made pursuant to the provisions of 11 USC §706(a), and FRBP 1017(f)(2), 2002(a)(4), 9006(c)(1) and 9013[1]. Movant relies upon the papers and records in this

---

[1] And L.R. 9014 to the degree it may apply to motions brought under FRBP 9013

1

case, the Declaration of Debtor, filed separately herewith, and the below points and authorities.

Dated this 7th day of May, 2013

                                                       WHITE LAW CHARTERED

                                                       /s/ John White
                                                       John White

WHITE LAW CHARTERED
LAWYERS
20TH CENTURY BLDG
335 W FIRST STREET
RENO, NV 89503

T (775) 322-8000
F (775) 322-1228

**LEGAL MEMORANDUM**

# Facts

This case was filed on June 17, 2011 as a voluntary Chapter 7. Schedules were filed on June 30, 2011 (Docket 11), and amended/supplemented on September 15, 2011 (Docket 19), November 16, 2011 (Docket 26) and March 28, 2013 (Docket 45). No discharge has been granted or denied[2]. July 15, 2013 is the claim bar date (Docket 61). This case has not been previously converted. The Trustee has recently obtained authority to hire a broker presumably to sell Debtor's "Ranch", being Debtor's 20 acre parcel on Hart Lane near Hazen, NV, and has agreed to pay delinquent property taxes when and if a sale is made (Dockets 62 and 63). No sale has yet occurred.

As set forth with specificity in the DECLARATION OF DEBTOR IN SUPPORT OF MOTION FOR ORDER CONVERTING CASE TO CHAPTER 11 ("Debtor's Declaration") Debtor, a long-time 57 year old developer, was brought to his knees by the depression of 2008. He did his best to hold out but by early summer, 2011, the situation seemed hopeless and he filed for Chapter 7 relief. Of late however, the economic situation is improved and Debtor believes he can now pay his creditors by way of a chapter 11 plan of reorganization. See Debtor's Declaration, page 2, ¶7. To do so, he will need his Ranch, which the Trustee now seeks to sell.

Further facts are set forth in Debtor's Declaration, separately filed herewith.

# Issues

The issues presented by this Motion are:

1. Is this Motion procedurally proper?
2. Is Debtor eligible to be a chapter 11 Debtor?

---

[2] Any complaint objecting to discharge must be filed by August 31, 2013 (Docket 59)

3

3. Has Debtor attempted to conceal assets from the Trustee or his creditors?

## Procedural considerations

FRBP 1017 provides, in pertinent part:

> (f) Procedure for Dismissal, Conversion, or Suspension.
>
> (1) Rule 9014 governs a proceeding to dismiss or suspend a case, or to convert a case to another chapter, except under §§706(a), 1112(a), 1208(a) or (b), or 1307(a) or (b).
>
> (2) Conversion or dismissal under §§**706(a),** 1112(a), 1208(b), or 1307(b) shall be on motion filed and served as required by **Rule 9013**.
>
> ...

Emphasis added.

FRBP 9013 provides:

> A request for an order, except when an application is authorized by these rules, shall be by written motion, unless made during a hearing. The motion shall state with particularity the grounds therefor, and shall set forth the relief or order sought. Every written motion other than one which may be considered ex parte shall be served by the moving party on the trustee or debtor in possession and on those entities specified by these rules or, if service is not required or the entities to be served are not specified by these rules, the moving party shall serve the entities the court directs.

In *In re DeFrantz*, 454 BR 108 (9th Cir. BAP 2011), the court states, at page 114:

WHITE LAW CHARTERED LAWYERS
20TH CENTURY BLDG
335 W FIRST STREET
RENO, NV 89503

T (775) 322-8000
F (775) 322-1228

Under Rule 1017(f)(2), conversion from chapter 7 to chapter 13 under § 706(a) shall be "on motion filed and served as required by Rule 9013." Thus, before conversion under §706(a), a court must have the opportunity to scrutinize the request.

Such review is necessary to ensure that the Debtor is not seeking to convert to "escape the consequences of bad faith conduct or for abuse of process." In re DeFrantz, 454 B.R. at 114, cited with approval by In re Taylor 472 BR 570 (C.D.Cal, 2012)[3].

## Debtor is eligible to be a Chapter 11 Debtor.

The Code recognizes that a debtor who wants to pay his debt by converting to Chapter 11 should be given the opportunity to do so.

11 USC §706(a) provides:

> (a) The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title. Any waiver of the right to convert a case under this subsection is unenforceable.
>
> (b) On request of a party in interest and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 11 of this title at any time.
>
> (c) The court may not convert a case under this chapter to a case under chapter 12 or 13 of this title unless the debtor requests or consents to such conversion.
>
> (d) Notwithstanding any other provision of this section, a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter.

---

[3] Debtor intends to file a Motion for Order Shortening Time. Procedural issues pertaining thereto will be discussed in the Points and Authorities supporting that motion.

# Debtor has not acted in bad faith, by concealing assets or otherwise.

In *Marrama v. Citizens Bank of Mass. (In re Marrama)*, 549 U.S. 365, 127 S. Ct. 1105, 1108 (2007) the court affirmed a bankruptcy court's refusal to allow a chapter 7 debtor to convert to chapter 11. The Supreme Court characterized the issues at the conversion hearing held by the bankruptcy court as follows:

> Relying primarily on Marrama's attempt to conceal the Maine property from his creditors, the trustee contended that the request to convert was made in bad faith and would constitute an abuse of the bankruptcy process. The Bank opposed the conversion on similar grounds.

Though the instant Debtor has made several mistakes, he has always been candid with the Trustee and has timely and in good faith supplied the Trustee with all information necessary to determine his assets and liabilities.

As §706(a) makes clear, unless this court finds bad faith, inequitable conduct or egregious behavior (see *Leavitt v. Soto (In re Leavitt)*, 171 F.3d 1219, 1224 (9th Cir. 1999)), Debtor is entitled to the requested conversion. Run of the mill mistakes, though regrettable, do not suffice to preclude conversion. The wrongdoing must be "atypical."

> [11] We have no occasion here to articulate with precision what conduct qualifies as "bad faith" sufficient to permit a bankruptcy judge to dismiss a Chapter 13 case or to deny conversion from Chapter 7. It suffices to emphasize that the debtor's conduct must, in fact, be atypical. Limiting dismissal or denial of conversion to extraordinary cases is particularly appropriate in light of the fact that lack of good faith in proposing a Chapter 13 plan is an express statutory ground for denying plan confirmation. 11 U.S.C.

§1325(a)(3); see In re Love, 957 F.2d, at 1356 ("Because dismissal is harsh . . . the bankruptcy court should be more reluctant to dismiss a petition . . . for lack of good faith than to reject a plan for lack of good faith under Section 1325(a)").

*Marrama,* supra, footnote 11, page 1117.

Delay in seeking conversion clearly does not allow denial of the motion.

> ... The debtor has the election to convert a Chapter 7 case to a Chapter 11 or 13 "at any time". An exception would be if the case had been converted to a liquidation proceeding from Chapter 11 or 13. The debtor may not waive the right to convert so waivers are unenforceable. ..."

<u>Cowans Bankruptcy Law and Practice,</u> 6th Ed. (1994), Vol 1, §3.31 (page 476).

The several amendments to the Schedules made to date[4] are not atypical, extraordinary or egregious. They show mistakes made, some in Debtor's favor, some in favor of the creditors. Debtor's innocent conversion of a $10,000 receivable, received shortly after the Petition was filed, was also not egregious misconduct. Debtor made no effort to hide that asset or his use of the funds from the Trustee and is willing to repay to the trustee whatever of that amount the Trustee reasonably believes to be due. In reality, Debtor has already more than paid it back by way of making post-petition payments to the holder of the senior encumbrance on the Ranch, in excess of $30,000. See Debtor's Declaration, ¶8(b). In the same paragraph of his Declaration, Debtor notes that his LLC, Madoughco has paid, post-petition, over $10,000 of the amount claimed by the Board of Equalization. See Claim No. 1, for $39,342.97, on file herein, thereby reducing the Nevada Department of Taxation's claim. Also, as Debtor used most of that $10,000 to improve estate assets and pay down debt on estate assets, the estate will be more than made whole if the Trustee demands it back. Nothing

---

[4] Debtor is in the process of further amending his Schedules and Statement of Affairs.

shows any effort to promote any unfairness or to manipulate this proceeding in any inequitable manner. No egregious behavior of any sort is present. Most importantly, there has been no wrongful concealment, being the type of abuse *Marrama* found to justify an order refusing to convert.

## Case should be converted to Chapter 11

The creditors in this case should receive the benefits now available to developers such as Debtor by reason of improvements in the local economy. Debtor is also in the fortunate position of being able to benefit from the recent economic recovery. The creditors of this estate deserve that he be given that chance.

Dated this 7th day of May, 2013

WHITE LAW, CHARTERED

*[signature]*

John White, counsel for Debtor[a].

---

[a] A draft substitution of counsel, signed by Debtor, is attached hereto.

WHITE LAW CHARTERED
LAWYERS
20TH CENTURY BLDG.
335 W. FIRST STREET
RENO, NV 89503

T (775) 322-8000
F (775) 322-1228

8

WHITE LAW
CHARTERED
LAWYERS
20TH CENTURY BLDG
335 W FIRST STREET
RENO, NV 89503

T (775) 322 8000
F (775) 322 1228

CERTIFICATE OF SERVICE

I hereby certify under penalty and pain of perjury that I am an employee of White Law Chartered and that on the date shown below, I served a true and correct copy of the following documents: MOTION FOR ORDER CONVERTING CASE TO CHAPTER 11 in the following manner:

☒ a. Via the Court's ECF System to:

| | |
|---|---|
| MICHAEL LEHNERS | michaellehners@yahoo.com |
| KENNETH V. WARD | KenWardLaw@aol.com |
| U.S. Trustee -RN-11 | USTPRegion17.RE.ECF@usdoj.gov |
| JOHN WHITE | Bankruptcy@whitelawchartered.com, john@whitelawcharterd.com |

☒ Via United States mail, postage prepaid, by enclosing a true and correct copy of the above document(s) in a sealed envelope and depositing the same on the date shown below, into the U.S. Post Office, Reno, NV to:

| | |
|---|---|
| RICK J ARNAUD<br>610 WEDGE LN<br>FERNLEY, NV 89408 | ALLEN M DUTRA, Trustee,<br>59 DAMONTE RANCH PKWY, STE B299<br>RENO, NV 89521 |
| W. DONALD GIESEKE, Trustee,<br>18124 WEDGE PKWY., STE 518<br>RENO, NV 89511 | U.S. TRUSTEE - RN - 7<br>300 BOOTH STREET, STE 3009<br>RENO, NV 89509 |
| CRAIG B. MINGAY, ESQ.<br>CHURCHILL COUNTY DEPUTY DISTRICT ATTORNEY<br>165 N. Ada Street<br>Fallon, NV 89406 | |

and to all creditors on the attached mailing matrix at the addresses shown.

Dated: May 7, 2013.

/s/ Mary Hernandez
Mary Hernandez

9

```
Label Matrix for local noticing          DESERT LAKES HOMEOWNERS ASSOCIATION      United States Bankruptcy Court
0978-3                                    C/O RED ROCK FINANCIAL SERVICES          300 Booth Street
Case 11-51998-btb                         7251 AMIGO STREET #100                   Reno, NV 89509-1360
District of Nevada                        LAS VEGAS, NV 89119-4375
Reno
Tue May  7 09:21:08 PDT 2013
76 CARD                                   BRENT BEGLEY, ESQ.                       BUSINESS & PROFESSIONAL COLLECTION SVC
Acct No xxx xx9 758                       Acct No xxxxxxxxon #20                   Acct No xxxx0234
PO Box 6402                               PO Box 6951                              PO Box 872
Sioux Falls, SD 57117-6402                Reno, NV 89513-6951                      Reno, NV 89504-0872


BUSINESS AND PROFESSIONAL                 CBE GROUP                                CHEVRON / GE MONEYBANK
COLLECTION SERVICE INC.                   Acct No xxxxxxxxxxxx0480                 Acct No xxxx xxxx xxxx 7632
816 SOUTH CENTER ST.                      PO Box 2635                              Attn:  Bankruptcy Dept
RENO NEVADA 89501-2306                    Waterloo, IA 50704-2635                  PO Box 103104
                                                                                   Roswell, GA 30076-9104


COLLECTION SERVICE OF NEVADA              DEPT. OF EMPLOYMENT, TRAINING & REHAB.   Desert lakes Homeowners Association
Acct No xxxxxxxxon #20                    Employment Security Division             c/o Red Rock Financial Services
777 Forest Street                         500 East Third Street                    4770 W Teco #140
Reno, NV 89509-1711                       Carson City, NV 89713-0002               Las Vegas ne 89118


FBCS INC                                  FERNLEY JUSTICE COURT                    GC SERVICES LIMITED PARTNERSHIP
2200 Byberry Rd. #120                     Acct No xxxxxxxxon #20                   Acct No xxxxxxxxxxx0217
Hatboro, PA 19040-3797                    565 East Main St.                        Collection Agency Division
                                          Fernley, NV 89408-9537                   PO Box 7820
                                                                                   Baldwin Park, CA 91706-7820


GREAT BASIN CREDIT UNION                  Great Basin Federal Credit Union         INTERNAL REVENUE SERVICE
9970 S. Virginia St.                      9770 S. Virginia Street                  200 S. Virginia Street
Reno, NV  89511                           Reno NV 89511-5941                       Suite 105, M/S 5201REN
                                                                                   Reno, NV 89501-2400


INTERNAL REVENUE SERVICE                  MAIN STREET PAWN                         NEVADA DEPARTMENT OF TAXATION
ATTN:  Bankruptcy Unit                    80 East Main St.                         BANKRUPTCY SECTION
Stop 5028                                 Fernley, NV 89408-7653                   4600 KIETZKE LN STE L-235
110 City Parkway                                                                   RENO, NV 89502-5045
Las Vegas, NV 89106-6085


NEVADA DEPARTMENT OF TAXATION             RENO ORTHODPEDICS                        SHELL
Bankruptcy Section                        555 North Arlington Ave.                 Acct No xx xxx x843 8
555 E. Washington Ave., #1300             Reno, NV  89503-4724                     PO Box 6406
Las Vegas, NV 89101-1046                                                           Sioux Falls, SD 57117-6406


U.S. TRUSTEE - RN - 7                     UNITED RECOVERY SYSTEMS, LP              (c)UNITED STATES TRUSTEE
300 BOOTH STREET, STE 3009                Acct No xx xxx x843 8                    300 BOOTH ST STE 3009
RENO, NV 89509-1362                       PO Box 722929                            RENO NV  89509-1360
                                          Houston, TX 77272-2929


ALLEN M DUTRA                             KENNETH V. WARD                          RICK J ARNAUD
59 DAMONTE RANCH PKWY, STE B299           LAW OFFICES OF KENNETH V. WARD           610 WEDGE LN
RENO, NV 89521-1907                       15 WEST MAIN STREET                      FERNLEY, NV 89408-6668
                                          DAYTON, NV 89403-6733
```

W. DONALD GIESEKE
18124 WEDGE PKWY., STE 518
RENO, NV 89511-8134

                      Addresses marked (c) above for the following entity/entities were corrected
                              as required by the USPS Locatable Address Conversion System (LACS).

UNITED STATES TRUSTEE
300 Booth Street #2129
Reno, NV 89509

                  The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)GREAT BASIN FEDERAL CREDIT UNION        (u)DARREL PAGE                     End of Label Matrix
                                           RE/MAX Realty                     Mailable recipients   30
                                                                       Bypassed recipients    2
                                                                       Total                    32

John White, Esq., S.B.#1741  
White Law Chartered  
335 West First St.  
Reno, NV 89503  
775-322-8000  
775-322-1228 (Fax)  
john@whitelawchartered.com  
Counsel for Debtor, Rick J. Arnaud  

E-filed: __/__/13

UNITED STATES BANKRUPTCY COURT  
DISTRICT OF NEVADA

In re: )  
) CASE NO: BK-N-11-51998  
RICK J. ARNAUD )  
) Chapter 7  
)  
Debtor. )  
) SUBSTITUTION OF COUNSEL FOR  
) DEBTOR  
/

WHITE LAW CHARTERED, a Nevada professional corporation, hereby enters its appearance in this Chapter 7 proceeding as counsel for Debtor, Rick J. Arnaud. All further notices or pleadings of any kind or nature relating to Debtor are to be served on John White Esq., at the following address:

WHITE LAW CHARTERED  
335 West First St.  
Reno, NV 89503

PLEASE TAKE NOTICE that Kenneth Ward, Esq. hereby withdraws as counsel for Debtor, with respect to this case.

The parties understand that this stipulation will be ineffective unless approved by the Bankruptcy Court and that White Law Chartered will promptly seek such approval.

///

1

A copy of a proposed Order Allowing Substitution of Counsel is attached hereto as Exhibit 1.

Dated this 3rd day of May, 2013.            Dated this _____ day of May, 2013.

WHITE LAW CHARTERED                          By:

By: _____           _____
    John White, Esq.,                            Kenneth Ward, Esq.
    Counsel for the Debtor                       P.O. Box 2500
                                                 Fernley, NV 89408

The undersigned consents to the substitution of WHITE LAW CHARTERED and John White, Esq. in the place and stead of Kenneth Ward, Esq., as counsel for Debtor in the above-captioned case.

Dated this 3rd day of May, 2013.

                                             By: _____
                                                 Rick J. Arnaud, Debtor

# CERTIFICATE OF SERVICE

I certify that I am an employee of White Law Chartered and that on the date shown below, I served a copy of the foregoing document entitled: SUBSTITUTION OF COUNSEL, by:

__x__ a. By way of the Bankruptcy court's electronic filing system to the parties registered in the ECF system, as follows:

| | |
|---|---|
| MICHAEL LEHNERS | michaellehners@yahoo.com |
| KENNETH V. WARD | KenWardLaw@aol.com |
| U.S. Trustee -RN-11 | USTPRegion17.RE.ECF@usdoj.gov |
| JOHN WHITE | Bankruptcy@whitelawchartered.com, john@whitelawcharterd.com |

☑ Via United States mail, postage prepaid, by enclosing a true and correct copy of the above document(s) in a sealed envelope and depositing the same on the date shown below, into the U.S. Post Office, Reno, NV to:

| | |
|---|---|
| RICK J ARNAUD<br>610 WEDGE LN<br>FERNLEY, NV 89408 | ALLEN M DUTRA, Trustee,<br>59 DAMONTE RANCH PKWY, STE B299<br>RENO, NV 89521 |
| W. DONALD GIESEKE, Trustee,<br>18124 WEDGE PKWY., STE 518<br>RENO, NV 89511 | U.S. TRUSTEE - RN - 7<br>300 BOOTH STREET, STE 3009<br>RENO, NV 89509 |
| CRAIG B. MINGAY, ESQ.<br>CHURCHILL COUNTY DEPUTY<br>DISTRICT ATTORNEY<br>165 N. Ada Street<br>Fallon, NV 89406 | |

I swear, under pain and penalty of perjury, that the foregoing is correct.

Dated this ___ day of May, 2013.

_____
Nicole Ernst

3

# Exhibit 1

# Exhibit 1

John White, Esq., S.B.#1741
White Law Chartered
335 West First St.
Reno, NV 89503
775-322-8000
775-322-1228 (Fax)
john@whitelawchartered.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

| In re: | ) | |
|---|---|---|
| | ) | **CASE NO: BK-N-11-51998** |
| **RICK J. ARNAUD** | ) | |
| | ) | **Chapter 7** |
| | ) | |
| **Debtor.** | ) | **ORDER ALLOWING** |
| | ) | **SUBSTITUTION OF COUNSEL** |
| | ) | **FOR DEBTOR** |
| _____ | / | |

Pursuant to the SUBSTITUTION OF COUNSEL filed herein on May ____, 2013 (Docket ____), White Law Chartered and John White, Esq. substituting for Kenneth Ward, Esq, the latter withdrawing as counsel for the Debtor and John White, Esq., entering his appearance in the above-captioned case; Good cause appearing therefor,

**IT IS HEREBY ORDERED** that John White, Esq. of WHITE LAW CHARTERED, is allowed to substitute as counsel for Debtor, Rick Arnaud in the above-captioned proceeding in the place and stead of Kenneth Ward, Esq..

**IT IS FURTHER ORDERED** that all further notices or pleadings of any kind or nature relating to Defendant are to be served on John White Esq., at the following address:

**IT IS FURTHER ORDERED** that this nothing in this order shall excuse White Law

1

1  Chartered from filing an Application to be employed and otherwise complying with applicable Code

2  provisions, including but not limited to those regarding disinterestedness.

WHITE LAW CHARTERED
335 West First St.
Reno, NV 89503
john@whitelawchartered.com

**IT IS SO ORDERED.**

###