ALAN R. SMITH, ESQ.
Nevada Bar No. 1449
Law Offices of Alan R. Smith
505 Ridge Street
Reno, Nevada 89501
Telephone (775) 786-4579
Facsimile (775) 786-3066
Email: mail@asmithlaw.com

*ELECTRONICALLY FILED*
*July 6, 2011*

Counsel for Debtor

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

LAS VEGAS DIVISION

—ooOoo—

| | |
|---|---|
| In Re:<br><br>INTEGRATED FINANCIAL ASSOCIATES, INC., a Nevada Corporation<br><br>               Debtor.<br><br>_____/ | Case No. BK-11-13537-BAM<br>Chapter 11<br><br>**OPPOSITION TO MOTION TO LIFT STAY [BY MUSTAPHA ASSI REVOCABLE LIVING TRUST JUNE 23, 2003]**<br><br>Hearing Date:    July 20, 2011<br>Hearing Time:    10:00 a.m. |

     Debtor, INTEGRATED FINANCIAL ASSOCIATES, INC. ("Debtor"), by and through its counsel, ALAN R. SMITH, ESQ., of the Law Offices of Alan R. Smith, hereby opposes the Motion To Lift Stay ("Motion") filed by Mustapha Assi Revocable Living Trust June 23, 2003 ("Assi") filed on June 7, 2011 [Doc. 52]. This Opposition is based upon the Points and Authorities set forth below, the pleadings and papers on file in this case, and such other matters as may be presented at any oral hearing hereon.

**POINTS AND AUTHORITIES**

     **1.**    **General Background**

     The general background as set forth by Assi is for the most part accurate. The Debtor has an interest in a number of non-debtor entities. Pre-petition, the Debtor was a loan participant in a number of loans which involved multiple non-debtor participants, including,

Law Offices of
**ALAN R. SMITH**
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\Integ Fin Assoc\MRS (Mustapha Assi)\Opp MRS 070611-dlg.wpd

in some cases, Assi. Pre-petition, some of the loans in which the Debtor was a participant were foreclosed upon, and thereafter a limited liability company was created in which the Debtor became a member along with the other former loan participants (hereinafter the "LLCs"). The LLCs were formed in accordance with Nevada law, based upon a vote of the majority of the loan participants in accordance with Nev. Rev. Stat. 645B.340. In most cases, the Debtor was the servicer for the loan pre-petition prior to formation of the LLCs, and following the formation of the LLCs, the Debtor became the managing member. As servicer for the loans, the Debtor earns a servicing fee. Following formation of the LLCs, the Debtor became the managing member of the LLC, and earns fees as managing member. The investors in the loans are typically accredited investors and other individuals who have sought to invest savings for the purposes of future retirement. For the most part, the investors are not active real estate developers, or otherwise persons active in the acquisition, development, and operation of real estate. Accordingly, the Debtor believes that most investors, in fact the majority of investors, are satisfied with the Debtor's services and desire to retain the Debtor for purposes of managing the properties, and maximizing the liquidation value of either the loans or the properties.

Assi describes a typical example in which an LLC was formed following foreclosure upon the real property held as collateral. Because there are multiple investors, management of the property following foreclosure with multiple owners (the number of loan participants ranges from 20 to 150 investors), would have been virtually impossible. The formation of the LLCs was implemented in order to create a mechanism in which meaningful action could be taken with the properties foreclosed upon. Notably absent from Assi's motion is any letter or communication from Assi objecting to the formation of the LLCs or otherwise objecting to its inclusion as a member in the LLCs.

### 2. <u>Assi Has Not Specified the Relief Sought</u>

On page two of the Motion, Assi states that it "anticipates taking actions, which may include the dissolution, liquidation, partition, or changes to the structure of the non-Debtor entities, in which the parties hold an interest". However, nowhere in the Motion does Assi

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Integ Fin Assoc\MRS (Mustapha Assi)\Opp MRS 070611-dlg.wpd       - 2 -

specify exactly what it intends to do. Clearly Assi has competent counsel. By identifying the various courses of actions possible, Assi has clearly consulted with counsel, and determined what actions may be in Assi's best interest. However, Assi has not specified exactly what action it intends to take, and exactly why relief from the stay is required for the intended action. Accordingly, the Debtor is left with simply guessing what action might be taken. For example, does Assi seek to dissolve the LLCs? If so, how is that to be accomplished? Is Assi contacting the other members of the LLCs? What representations are being made? Are there a majority of interests that desire to dissolve the LLCs? Does Assi seek to terminate the servicing or managing agreements with the Debtor? Does Assi have an alternate servicer or an alternate manager? Assi should be completely candid with the Debtor and with this Court. Exactly what does it intend to do, and how does it intend to accomplish it. Without that level of specificity, it is impossible to determine whether cause exists for relief from the automatic stay.

### 3.    Applicable Law

The Debtor does not disagree with the law as stated by Assi. The Debtor's interest in the LLCs is clearly property of the estate. *See* 11 U.S.C.§ 541(a). Furthermore, the Debtor's interest as manger of the LLC's or servicer of the loans is also property of the estate. The automatic stay prevents Assi from commencing any action against the Debtor, or taking any action to obtain possession of property of the estate or to exercise control over property of the estate. See §362(a)(1)(3).

Assi seeks relief from the stay for cause. When seeking relief from stay for cause, it is the creditors burden to prove that cause exists. As stated in 3-362 *Collier on Bankruptcy* ¶ 362.10:

> The moving party first must establish its *prima facie* case. Failure to prove a *prima facie* case requires denial of the requested relief. *See* Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.), 907 F.2d 1280, 1285, 23 C.B.C.2d 132, 138 (2d Cir. 1990) ("Section 362(d)(1) requires an initial showing of cause by the movant... . If the movant fails to make an initial showing of cause, however, the court should deny relief without requiring any showing from the debtor that it is entitled to continued protection."); *In re* Eatman, 33 C.B.C.2d 989, 994, 182 B.R. 386, 390 (Bankr. S.D.N.Y. 1995) ("While section 362(g) allocates the burden of ultimate persuasion under either

Law Offices of
**ALAN R. SMITH**
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\Integ Fin Assoc\MRS (Mustapha Assi)\Opp MRS 070611-dlg.wpd     - 3 -

ground, the movant must still make a prima facie showing that it is entitled to the relief that it seeks."); *In re* Elmira Litho, Inc., 174 B.R. 892, 902 (Bankr. S.D.N.Y. 1994). A *prima facie* case requires a showing by the movant of "a factual and legal right to the relief it seeks." *In re* Elmira Litho, Inc., 174 B.R. 892, 902 (Bankr. S.D.N.Y. 2994); *see also In re* Planned Sys., Inc., 78 B.R. 852, 859 (Bankr. S.D. Ohio 1987).

*See also*, In re Plumberex Specialty Prods., Inc., 311 B.R. 551, 557 (Bankr. C.D. Cal. 2004) (a party seeking relief must first establish a *prima facie* case that cause exists for relief under 11 U.S.C.S. § 362(d)(1)); In re Wilhelm, 407 B.R. 392 (Bankr. Idaho 2009) (A party requesting relief from the stay must sustain the initial burden of production or going forward with the evidence to establish that a *prima facie* case for relief exists before the respondent is obligated to go forward with its proof.); In re Kowalsky, 235 B.R. 590 (Bankr. E.D. Tex. 1999) (the party requesting relief from the stay must sustain an initial burden of production or going forward with the evidence to establish that a *prima facie* case for relief exists before the respondent is obligated to go forward with its proof.). The creditor must identify exactly what is being sought and of the factual basis for the relief requested. In re Plumberex Specialty Prods., Inc., *supra*, 311 B.R. at 557, fn. 11 (a *prima facie* case requires the movant to establish a factual and legal right to the relief that it seeks); In re Kowalsky, *supra*, 232 B.R. 595 (a movant seeking to establish a *prima facie* case for relief from stay for cause should, at a minimum, be required to identify the factual and legal basis under which the movant believes that such cause exists). The Debtor should not be forced to guess at what relief is being sought, and then to identify all possible relief that the movant may be seeking with all possible defenses that may be raised by the Debtor. Instead, the Debtor is required to respond only as to those issues upon which the movant establishes a *prima facie* case. In re Wilhelm, *supra*, at 400; In re Kowalsky, *supra*. If a movant fails to make a *prima facie* showing, the court should deny the relief requested. *Id.*

Although Assi acknowledges that it must produce evidence in the first instance to support the cause allegation, it has not produced any evidence whatsoever, not even a declaration to support the Motion. Instead, it relies on the case of In re A Partners, LLC, 344 B.R. 114, 121 (Bankr. E.D. Cal., 2006), and analyzes the factors set forth therein as its

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\Integ Fin Assoc\MRS (Mustapha Assi)\Opp MRS 070611-dlg.wpd    - 4 -

support for relief from the stay. Again, without specifying the exact relief sought, Assi's analysis is vague and confusing. Specifically, Assi identifies the following factors to consider in determining whether the stay should be modified:

### (I) Interference with the Bankruptcy

Assi asserts that the Debtor only has a marginal interest in the non-Debtor entities, and any action taken by Assi does not have a direct affect on the Debtor. Therefore, argues Assi, any relief from the stay poses little interference with the administration of the bankruptcy. However, in fact, the actions of Assi could have a direct negative affect on the bankruptcy case. For example, if Assi seeks to dissolve the LLC's, what alternate form of ownership does Assi propose? How will the properties be managed? How will Assi assure that the maximum value is obtained from the sale of the properties? What representations will Assi make to the other members of the LLC's, specifically will any negative representations concerning the Debtor be made? Who will manage the LLC's? Who will manage the properties if the LLC's are dissolved? In fact, the potential actions that Assi might take could directly impact the Debtor, specifically, the Debtors interest in property as well as the Debtors interest in receiving management or servicing fees.

### (ii) Good or Bad Faith of the Debtor

Assi argues that there are no specific issues with good or bad faith at this point, nor does Assi present any case law evidencing that the Debtor would be in bad faith in the event it continues to be protected by the automatic stay. However, Assi's own good faith must be questioned as a result of Assi's failure to present a *prime facie* case which would warrant relief from the stay. Again, what is actually being sought by the moving party? If the intended action has an ulterior motive or purpose only to benefit Assi to the expense of the Debtor and the other creditors of the estate, it may well be that Assi's actions are in bad faith. As for the Debtor, good faith is lacking only when the Debtor's actions constitute a clear abuse of the bankruptcy process. In re Plumberex Specialty Prods., Inc., supra, at 560. There is no evidence of bad faith in this case.

///

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\Integ Fin Assoc\MRS (Mustapha Assi)\Opp MRS 070611-dlg.wpd    - 5 -

**(iii)  Injury to the Debtor and Other Creditors if the Stay is Modified**

Assi argues that there is no apparent injury to the Debtor or the other creditors. But again, Assi is faced with the problem that any potential injury cannot be examined without disclosure by Assi of the action it intends to take.

**(iv)  Injury to Assi if the Stay is Not Modified**

Assi argues that it will be injured if relief from the stay is not granted because it needs to preserve equity or mitigate losses related to non-Debtor entities. Assi again fails to provide any specificity. What preservation actions need to be undertaken, or what mitigations are required?

**(v) The Relative Portionality of the Harms from Modifying or Continuing the Stay**

Given the facts, or the lack thereof, as set forth in the Motion, an actual analysis of balancing the harm is not possible.

**(vi)   Other Factors**

Depending upon the "actions" anticipated by Assi to be taken, other factors may also be considered. For example, in the event Assi were to commence or continue litigation involving the Debtor or its property in a non-bankruptcy forum, the following factors, as set forth in <u>In re Curtis</u>, 40 B.R. 795 (Bankr. D. Utah 1984), may be also appropriately considered:

    1.    Whether the relief will result in a partial or complete resolution of the issues;

    2.    The lack of any connection with or interference with the bankruptcy case;

    3.    Whether the foreign proceeding involves the debtor as a fiduciary;

    4.    Whether a specialized tribunal has been established to hear the particular cause of action and whether that tribunal has the expertise to hear such cases;

    5.    Whether the debtor's insurance carrier has assumed full financial

Law Offices of
**ALAN R. SMITH**
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Integ Fin Assoc\MRS (Mustapha Assi)\Opp MRS 070611-dlg.wpd    - 6 -

responsibility for defending the litigation;

6. Whether the action essential involves third parties, and the debtor functions only as a bailee or conduit for goods or proceeds in question;

7. Whether the litigation in another forum would prejudice the interests of other creditors, the creditors' committee and other interested parties;

8. Whether the judgment claim arising from the foreign action is subject to equitable subordination under Section 510(c);

9. Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f);

10. The interests of judicial economy and the expeditious and economical determination of litigation for the parties;

11. Whether the foreign proceedings have progressed to the point where the parties are prepared for trial; and

12. The impact of the stay on the parties and the "balance of hurt."

In re Plumberex Specialty Prods., Inc., *supra*, at 559 (these twelve factors are commonly known as the "Curtis factors").  Since Assi has not disclosed what "actions" it intends to take, it is impossible to determine whether additional factors, other than those set forth in A Partners, LLC, *supra*, should be also considered.

**4.  Conclusion**

Assi has the burden of identifying the relief sought. Specificity is required. Assi must disclose exactly what action it intends to take in order for the pending Motion to be properly evaluated. What Assi essentially asks for is a blanket blessing in advance, of "any and all actions" that Assi decides to take. Such general relief is not supported by applicable law, nor has Assi offered even one case supporting such general relief. Assi has completely failed to satisfy its burden to demonstrate cause for relief from the stay because it has failed to identify with specificity the actual relief that it seeks. The Debtor is left with the impossible task of attempting to identify any possible action that might be taken by Assi, as well as preparing a response. It is not the Debtor's burden to either make or clarify Assi's Motion.

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Integ Fin Assoc\MRS (Mustapha Assi)\Opp MRS 070611-dlg.wpd    - 7 -

1   It is Assi's burden to establish a *prima facie* case evidencing that cause exists to grant it relief from the stay. Since Assi has failed to meet its burden, the Motion must be denied.

Finally, a potential problem exists in that Assi may attempt to clarify the relief it seeks in the reply to its Motion. In such event, it is submitted that the court should deny the requested relief, as it deprives the Debtor of the opportunity to respond.

WHEREFORE, for the reasons set forth above, the Debtor requests that Assi's Motion be denied.

DATED this 6th day of July, 2011.

                                 LAW OFFICES OF ALAN R. SMITH

                                 By: */s/ Alan R. Smith*
                                        ALAN R. SMITH, ESQ.
                                        Attorney for Debtor

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\Integ Fin Assoc\MRS (Mustapha Assi)\Opp MRS 070611-dlg.wpd    - 8 -