Philip J. Dabney, Esq. (3391)
Lars K. Evensen, Esq. (8061)
**HOLLAND & HART LLP**
3800 Howard Hughes Parkway, 10th Floor
Las Vegas, NV 89169
Phone: (702) 669-4600

*Mustapha Assi Revocable Living Trust June 23, 2003*

*Electronically filed on July 15, 2011*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In Re: INTEGRATED FINANCIAL ASSOCIATES, INC.<br><br>Debtor. | Case No.: 11-13537-LBR<br>Chapter: 11<br><br>**REPLY TO THE OPPOSITION TO ASSI'S MOTION TO LIFT STAY**<br><br>**Hearing Date: July 20, 2011**<br><br>**Hearing Time: 10:00 a.m.** |

Creditor, Mustapha Assi Revocable Living Trust June 23, 2003 ("Assi"), by and through its counsel Holland & Hart LLP ("H&H") hereby replies to the Debtor, Integrated Financial Associates, Inc.'s ("IFA") Opposition to Assi's Motion to Lift Stay (the "Reply"). Assi's Reply is based on the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINT AND AUTHORITIES

**I. Summary**

Assi's motion for relief from the automatic stay seeks to put the parties in the same position they were in before the petition date, as it relates to the non-Debtor entities. By granting Assi relief from the stay, Assi can pursue any and all actions and obtain remedies from non-Debtor entities, in which Assi and the Debtor have interests.

In its motion, Assi established a prima facia case for cause to lift the stay, both factually and legally.

IFA's opposition claims Assi did not bear its burden. IFA's opposition is premised on the argument that Assi did not provide detail on 'what actions may be taken against the non-

-1-

Debtor entities'. However, the non-Debtor entities are not entitled to the protection of the automatic stay. IFA misdirects its opposition, as the issue is relief from the stay as to the Debtor, not what actions may be taken against the non-Debtor entities. Consequently, IFA has failed to show why relief from the stay is not warranted. As Assi has bore its burden and IFA has not, this Court should grant relief from the stay.

**II. Facts**

The facts, as it relates to this contented matter, are not materially in dispute.

**III. Argument**

**A. Upon Finding Cause Exists, Stay Relief Should be Granted.**

Assi to obtain relief, must first establish a prima facie case that 'cause' exists for relief under § 362(d)(1). *See In re Gould*, 401 B.R. 415, 426 (9th Cir.BAP, 2009). Once Assi has established a prima facia case, the burden shifts to the Debtor to show that relief from the stay is not warranted. *Id*.

The Debtor's opposition rises and falls on the argument that Assi did not establish a prima facia case for cause for relief from the automatic stay. The Debtor's singular opposition fails, as Assi has established a prima facia case for cause, which is addressed below in detail. Upon finding Assi has met its burden, under the shifting burden of persuasion, the Debtor must show why relief from the stay is not warranted. The Debtor has failed to address why stay relief is not warranted. Consequently, upon finding cause exists, relief from the stay should be granted to Assi.

**B. Assi has established Cause for Relief from the Stay.**

**(i) Assi established a *prima facie* case for cause.**

Bankruptcy Judges have broad discretion in determining what constitutes sufficient cause to grant relief from stay under section 362(d)(1). *See In re Gyro-Trac (USA), Inc.,* 441 B.R. 470, 489 (Bankr.D.S.C., 2010). Because the Bankruptcy Code does not provide any definition of what constitutes 'cause', the decision as to whether to grant relief from stay is made on a case-by-case basis. *Id.* Though the existence of cause varies from case to case, a movant seeking to

establish a *prima facie* case for cause should, at a minimum, be required to identify the factual and legal basis under which the movant believes that such cause exists. *See In re Kowalsky*, 235 B.R. 590, 595 (Bankr.E.D.Tex., 1999) citing *In re Elmira Litho, Inc.,* 174 B.R. 892, (Bankr. S.D.N.Y., 1994). Consequently, as part of the *prima facie* case, the Assi must demonstrate a factual and legal right to the relief that it seeks. *See In re Elmira Litho, Inc.,* 174 B.R. 892, 902 (Bankr. S.D.N.Y., 1994). Assi met this burden.

First, there is no factual dispute; the Debtor and Assi are members or limited partners in certain non-Debtor entities. This common interest in the non-Debtor entities is the nexus for the factual basis for Assi to obtain relief from the stay as it relates to the non-Debtor entities.

Second, Assi has a legal right to seek relief. Assi seeks relief from the stay to return to the status quo so it can take actions and seek remedies against the non-Debtor entities. To be clear, the non-Debtor entities do not have the benefit of the automatic stay and not the subject of this bankruptcy proceeding. Consequently, actions against the non-Debtor entities are not the subject of an adversary proceeding, contested matter or, directly against administration of the bankruptcy estate, as it is a non-Debtor dispute. However, the Debtor is an interest holder in the non-Debtor entities thus; there is the potential the Debtor could claim Assi's actions would constitute a violation of the automatic stay. Consequently, in an abundance of caution, relief from the automatic stay has sought.

If there is the potential Assi's action against the non-Debtor entities violates the Debtor's automatic stay, then Assi has the legal right to seek relief from the automatic stay. Assi in its moving papers set forth certain factors to support why relief should be granted. In doing so, Assi has established a *prima facie* case for cause for relief from the stay.

In summary, Assi through its pleadings and papers has established a prima facie case that cause exists. Upon establishing a prima facie case, the burden of persuasion falls upon IFA. Having established a prima facia case, in light of the limited scope of AFI's opposition on this issue, relief from the stay is warranted.

**(ii) IFA's opposition is misdirected and does not bear its burden of persuasion.**

The separate legal existence of a corporation is respected in bankruptcy. *See In re Calhoun*, 312 B.R. 380, 384 (Bankr. N.D.Iowa, 2004). The automatic stay does not stay actions against separate entities associated with IFA. *Id.* IFA's property interest in the non-Debtor entities is narrowly confined to the intangible rights represented by the membership interest or other ownership documentation. *Id.* In other words, IFA's interest in the non-Debtor entities is narrowed to its ownership interest. The interest does not extent to the entirety of the non-Debtor or others who have a property interest. To put this in prospective, as previously indicated in the moving papers, IFA has nominal interests in the non-Debtor entities at issue, which is separate and apart from the Debtor IFA.

IFA bears the burden of showing that relief from the stay is not warranted. *See Gould* at 426. IFA's central argument is that Assi has not identified, with specificity, what actions Assi may take against the non-Debtor entities. In making this argument, IFA attempt to cloud the issue of stay relief, by directing the Court's attention to consider potential actions against the non-Debtor entities. This argument does not address 'why' relief from the stay is not warranted, as to the Debtor's nominal ownership interest in the non-Debtor entities. IFA's argument – centered on what action will be taken against the non-Debtors – if taken to its legal conclusion effectively seeks to have the governance of the non-Debtor entities, by its members or partners, passed through this court. In other words, IFA would maintain, to take any action related to the non-Debtor entities, specific stay relief in each instance must first be obtained from this Court. In effect, IFA's opposition seeks to have IFA be the 'tail' that would wag the non-Debtor entity 'dog'. An argument premised on the non-Debtor entities is mislaid and fails to show that relief from the stay is not warranted, as the non-Debtor entities are not the direct subject of Assi's motion for relief.

In summary, IFA's opposition offers no explanation why relief is not warranted. Members or partners of the non-Debtor entities should experience paralysis, under the Debtor's automatic stay, in the governance of those non-Debtor entities. In contrast, relief is warranted as

Assi simply seeks to restore its right to take action and seek remedies against the non-Debtor entities, which existed before IFA sought bankruptcy protection. IFA has not bore its burden of persuasion, thus stay relief is warranted.

### IV. Conclusion

Assi bore its burden in establishing a prima facia case for cause to obtain relief from the automatic stay. In contrast, IFA has not bore its burden of persuasion that relief is not warranted. Consequently, the stay should be lifted, putting the parties in the position they were in before the petition date.

DATED: July 15, 2010

By:   \_\_\_\_\_/S/  Lars Evensen_____
Lars K. Evensen, Esq.  8061
HOLLAND & HART LLP
3800 Howard Hughes Parkway, 10th Floor
Las Vegas, NV  89169
(702) 669-4600
*Mustapha Assi Revocable Living Trust*

5164651_1.DOCX

-5-