BRET O. WHIPPLE, ESQ.
Nevada Bar #6168
**JUSTICE LAW CENTER**
1100 S. Tenth Street
Las Vegas, Nevada 89104
(702) 333-1010
(702) 974-4008
bretwhipple@justice-law-center.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

| | |
|---|---|
| IN RE:<br><br>INTEGRATED FINANCIAL<br>ASSOCIATES, INC.,<br><br>Debtor. | BK-S-11-13537-LBR<br>CHAPTER 11<br><br>**OBJECTION TO UNDISPUTED<br>CLAIM AS SCHEDULED BY DEBTOR**<br><br>Date:   N/A<br>Time:   N/A |

COMES NOW ROGER PAHER, by and through his counsel, BRET O. WHIPPLE, ESQ., of the JUSTICE LAW CENTER, and hereby objects to the claim of Stanley Paher 1997 Living Trust, which was undisputed by the Debtor and included in Debtor's Statements and Schedules, specifically Schedule F "Creditors Holding Unsecured Nonpriority Claims" in the amount of $2,916,186.37, identified in its' Voluntary Petition, filed on or about March 14, 2011, as well as Debtor's Amendments of Schedules, including Schedule F, filed on or about June 14, 2011 and subsequent thereto, on October 14, 2011. Because the claim of Stanley Paher 1997 Living Trust was an undisputed claim listed in the Debtor's Statements and Schedules, no proof of claim was filed and thus, there is not a number assigned to the claim on the claims docket (but identified by IFA on Schedule F as as ID #1023). A copy of the Debtor's Schedule F, amended on October 14, 2011, listing the Stanley Paher 1997 Living Trust as an undisputed claim, is attached hereto as required by Bankruptcy Local Rule 3007.

This Objection is filed, pursuant to Local Rule 3007, within sixty (60) days after the Notice of Entry of Order Confirming Debtor's Fourth Amended Plan of Reorganization which

1

was filed on August 30, 2013, and therefore, said Objection is timely filed.

**STATEMENT OF GROUNDS FOR THE OBJECTION**

Stanley M Paher passed away in September of 1973, and by virtue of his Last Will and Testament, created the Stanley M. Paher Testamentary Trust, for which First National Bank of Nevada ("First National Bank") was named as the executor/trustee. First National Bank administered the testamentary trust and distributed all of the assets of said trust, thus extinguishing the testamentary trust.

Thereafter, Stanley W. Paher created various trusts and entities, including the Stanley Paher 1997 Living Trust, and added assets to those entities/trusts which were actually the shares of his mother and his brother, Roger Paher, in his late father's estate. He transfered those assets to the various entities/trusts by conversion, fraud and other criminal activity, effectively stripping Roger Paher and his mother of any ownership of said assets. He then invested those valuable assets into various investments, including with the Debtor in this matter, Integrated Financial Associates, Inc.

Roger Paher, and his assignee, are the rightful owners of the assets that Stanley W. Paher used to invest in the various entities/trusts that he then used to invest in other various companies, one of which was the Debtor in this matter, Integrated Financial Associates, Inc. Accordingly, Stanley W. Paher cannot prove that the monies he invested with Debtor are, in fact, his monies, and are not the monies due his brother as the sole living beneficiary of Stanley M. Paher's testamentary trust. Roger Paher recently filed an Amended Declaration specifically outlining his brother's activities and how Roger is the one that is entitled to any monies that might otherwise be claimed by his brother, Stanley W. Paher, in this action.

For purposes of clarification, Roger Paher is objecting, not to the claim amount that is undisputed by the Debtor herein, but rather, to the payment of that claim, or any part of that claim, to Stanley W. Paher, as the trustee of the Stanley Paher 1997 Living Trust, or in any other capacity. Further, as more information is becoming available on a daily basis regarding Stanley

2

Paher's fraudulent and criminal activities, Roger Paher respectfully reserves all rights to supplement or amend this Objection and the facts on which it is based.

DATED on this __18th__ day of September, 2013.

**JUSTICE LAW CENTER**

  /s/ Bret O. Whipple
BRET O. WHIPPLE, ESQ.
Nevada Bar #6168
1100 S. Tenth Street
Las Vegas, Nevda 89104
Attorney for Roger Paher and his assignees

3

B6F (Official Form 6F) (12/07) - Cont.

In re **INTEGRATED FINANCIAL ASSOCIATES, INC.** Case No. **11-13537**
Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No.<br>SEMRAU ENGINEERING<br>2118 RIVERSIDE DR., STE. 208<br>MOUNT VERNON, WA 98273 | | - | | X | X | X | 45,594.00 |
| Account No. 1239<br>SKYE ENTERPRISES LLC<br>2131 ROSCO MAYER RD<br>LOS ANGELES, CA 90077 | | - | NOTES PAYABLE 3/3/11 | | | | 129,905.38 |
| Account No. 1023<br>STANLEY PAHER 1997 LIVING TRUST<br>4135 BADGER CIRCLE<br>RENO, NV 89509 | | - | NOTES PAYABLE 3/3/11 | | | | 2,916,186.37 |
| Account No. 1004<br>STEVEN & WENDY KALB FM TRUST<br>5670 WYNN ROAD<br>LAS VEGAS, NV 89118 | | - | NOTES PAYABLE 3/3/11 | | | | 990,128.09 |
| Account No. 1135<br>T VELLINGA OR H TEMPLETON<br>8283 TURTLE CREEK CIRCLE<br>LAS VEGAS, NV 89113 | | - | NOTES PAYABLE 3/3/11 | | | | 63,062.22 |

Sheet no. __20__ of __23__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal (Total of this page) **4,144,876.06**